ALEXANDER v DIRECTOR, BUREAU OF WORKMEN'S
COMPENSATION

1. Workmen's Compensation—Statutes—Legislative Intent.

   The Court of Appeals gives every part of the Workmen's Compensation Act the effect it finds the Legislature intended within the spirit and purpose of the act.

2. Workmen's Compensation—Benefit Rates—Adjustment of Benefits—Legislative Intent.

   The intent of the Legislature in requiring an annual adjustment of compensation benefit rates was to keep pace with the average weekly wages paid in industry (MCLA 418.355).

3. Workmen's Compensation—Benefit Rates—Adjustment of Benefits—Legislative Intent.

   Use of the average weekly wage for the year ended June 30, 1967, as the base from which to compute annual adjustments in compensation benefits, rather than using the change in average weekly wage between June 30 previous to the adjustment and the June 30 prior to that, most closely accomplishes the purpose of the Legislature to have compensation benefits follow wages in a $1-to-$1.50 ratio (MCLA 418.355).

Original action in the Court of Appeals. Submitted Division 2 February 7, 1974, at Detroit. (Docket No. 18000.) Decided May 2, 1974. Leave to appeal applied for.

Complaint for mandamus by Sam Alexander and others, for themselves and all others similarly situated, against the Director, Bureau of Workmen's Compensation, to enforce an adjustment of compensation rates. Mandamus issued.

References for Points in Headnotes
[1, 3] 58 Am Jur, Workmen's Compensation § 26.
[2, 3] 50 Am Jur, Workmen's Compensation § 396 et seq.

*Kelman, Loria, Downing & Schneider* (by *John W. Simpson, Jr.)*, for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James H. White,* Assistant Attorney General, for defendant.

Before: BASHARA P. J., and DANHOF and R. L. SMITH,* JJ.

R. L. SMITH, J. This is an original proceeding in the Court of Appeals wherein plaintiffs seek a writ of mandamus against the Director of the Bureau of Workmen's Compensation.

Plaintiffs are all recipients of workmen's compensation and claim to be adversely affected by defendant's interpretation of MCLA 418.355; MSA 17.237(355) which reads:

"(1) The maximum weekly rate in each dependency classification in this act shall be adjusted once each year in accordance with the increase or decrease in the average weekly wage in covered employment, as determined by the employment security commission. The average weekly wage in covered employment determined by the employment security commission for the year ending June 30, 1967, shall be the base on which such adjustments are made.

"(2) A second adjustment, if any, shall be made on January 1, 1970 and shall reflect the change, if any, between the average weekly wage for June 30, 1969 and the average weekly wage for June 30, 1968 and the adjustment shall be made in like manner on each January 1 thereafter, utilizing the average weekly wage for the preceding June 30.

"(3) Adjustment for the statutory maximum rate shall be made only if there has been an increase or decrease in the average weekly wage of at least $1.50

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

during the preceding year, applied to the June 30, 1967, base and the director shall announce the adjustment each December 1, to become effective the following January 1. If in any year the change is less than $1.50, the director shall announce no change for the following year but the amount of change in such year shall be carried forward and added to or subtracted from subsequent annual determinations until the total change shall be at least $1.50, in which year an adjustment shall be made. There shall be an adjustment made of $1.00 in the maximum rates for each $1.50 increase or decrease in the average weekly wage. The maximum weekly rate as so determined for the year in which the date of injury occurred shall remain fixed without further change as to the personal injury occurring within such year."

The above provisions require the Director of the Bureau of Workmen's Compensation to make annual adjustments of the rates of workmen's compensation benefits. Plaintiffs contend that the annual adjustments must be based on the average weekly wage in covered employment determined by the employment security commission for the year ending June 30, 1967, as set forth in subsections 1 and 3, *supra.* Defendant contends that the annual adjustment shall reflect the change, if any, between the average weekly wage for the previous June 30 date and the June 30 date prior thereto, according to subsection 2, *supra.*

Defendant has proceeded in accordance with his interpretation until the present time. No differences resulted in the application of the two theories adopted by these parties until the year 1973 when the adjustment contended by defendant resulted in a figure $1 less than that of plaintiffs for the maximum weekly rate in each dependency classification.

Reconciliation of the above subsections of the statute is impossible. We can but follow the man-

date of *Webster v Rotary Electric Steel Co,* 321 Mich 526; 33 NW2d 69 (1948), in our attempt to find the legislative purpose and intent. To that end we give every part of the statute the effect we find the Legislature intended within the spirit and purpose of the Michigan Workmen's Compensation Act.

It is evident from a careful reading of the above three subsections that the Legislature intended that the benefits under the act should keep pace with the average weekly wages paid in industry. Accordingly the above provisions required an annual adjustment whenever the minimum annual change required it. To insure further that the benefits be related to the annual average weekly wage subsection 3 specifically requires that changes in the average weekly wage less than $1.50 be cumulated and carried forward each year for future consideration until such figure reflected a total change of at least $1.50, in which year that event occurred an adjustment would be made according to the formula set forth in subsection 3.

When the June 30, 1967 base is used as each adjustment is made the result most closely accomplishes the legislative purpose of having the benefits follow wages in a $1-to-$1.50 ratio.

We recognize that in arriving at this conclusion we are by-passing, to some extent, the provisions of subsection 2. However, to give effect to them would contradict the obvious legislative purpose and intent of the act and perpetuate a short-changing of benefits over the years.

This Court previously was confronted with the duty of construing these contradictory sections. *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1, 3; 211 NW2d 260 (1973). To decide the issue in that case this Court construed the statute

in the manner "most consistent with its humanitarian objectives and beneficent purposes". See also, *Hite v Evart Products Co,* 34 Mich App 247, 252; 191 NW2d 136 (1971).

Accordingly a writ of mandamus may issue against this defendant commanding him forthwith to vacate and set aside the computation of the 1973 weekly increases in workmen's compensation rates and ordering that the increase in the weekly workmen's compensation rates for the calendar year of 1973 be $30, based on the change between the average weekly wage for June 30, 1972, and June 30, 1967.

No costs, a public question being involved.

All concurred.