IN THE MATTER OF THE ATTORNEY FEES OF KELMAN,
LORIA, DOWNING, SCHNEIDER & SIMPSON

(ALEXANDER v DIRECTOR, BUREAU OF WORKMEN'S
COMPENSATION)

Docket No. 61064. Decided July 12, 1979. On application by the
petitioner for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed and remanded to the Work-
men's Compensation Bureau for further proceedings.

The law firm of Kelman, Loria, Downing, Schneider & Simpson
petitioned the Workmen's Compensation Bureau for an attor-
ney fee for its successful representation of plaintiffs Sam Alex-
ander and a class of disabled workers in an action for manda-
mus against the Director of the Workmen's Compensation
Bureau arising out of his computation of certain adjustments in
the plaintiffs' weekly benefit rates. The defendant director
denied the petition for attorney fees. The Workmen's Compen-
sation Appeal Board, hearing the petition upon remand from
the Supreme Court, decided that it lacked jurisdiction to decide
the substantive rights of the petitioning law firm. The Court of
Appeals, Danhof, C.J., and Bronson and Beasley, JJ., perempto-
rily affirmed (Docket No. 77-4236). The petitioner applies for
leave to appeal. *Held:*

1. The general rule is that attorney fees are not ordinarily
recoverable as costs, but exceptions have developed to this rule
for situations in which overriding considerations indicate the
need for such a recovery. A primary judge-created exception
has been to award expenses where a plaintiff has successfully
maintained a suit, usually on behalf of a class, that benefits a
group of others in the same manner as himself. To allow the
others to obtain full benefit from the plaintiff's efforts without
contributing equally to the litigation expenses would be to
enrich the others unjustly at the plaintiff's expense.

2. The "equitable fund" or "common fund" exception is

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Costs § 72.
[2] 20 Am Jur 2d, Costs §§ 84, 85.
[3, 4] 82 Am Jur 2d, Workmen's Compensation § 644.

available when a fund is created, preserved or protected. In this case class members received benefits ($1 more per week) for 1973 and 1974 that they would not have received but for the litigation begun by the petitioning law firm. It also appears that these benefits can be cumulated into a "fund". The benefited class members should therefore contribute equally to the litigation expenses.

3. The court in which the services were rendered would ordinarily be the proper forum to determine the amount of attorney fees. An evidentiary hearing on the extent and nature of services rendered may be needed. Although the Court of Appeals panel which heard this case would have been able to judge the quality of the firm's work, the Workmen's Compensation Bureau which daily confronts the worker's compensation practitioner would be in a better position to evaluate the fee the firm should receive. Furthermore, the Worker's Disability Compensation Act and the bureau's rule contemplate that an attorney will be paid when he recovers benefits for an employee. There can be no doubt that the firm rendered "services under [the] act" since without the act there would have been no case in the Court of Appeals.

4. The Workmen's Compensation Appeal Board's opinion recognizes that this firm is entitled to some fee for its work, but it would require that determination in "each and every case". That method would be self-defeating, since the total benefits in each individual case could not justify expenditure of the firm's time to file a petition and would certainly place a monumental task on an already overburdened Workmen's Compensation Appeal Board. The Workmen's Compensation Bureau is the best forum to resolve the issues raised by the petition. Therefore, the case is remanded to the Workmen's Compensation Bureau for a determination of the amount the petitioner is to be paid and how payment is to be accomplished. The Court of Appeals panel which issued the writ of mandamus shall review that decision and enter an appropriate order enforcing the attorney fee award.

Reversed and remanded.

1. COSTS — ATTORNEY FEES.

The general rule is that attorney fees are not ordinarily recoverable as costs, but exceptions have developed to this rule for situations in which overriding considerations indicate the need for such a recovery.

2. COSTS — ATTORNEY FEES — CLASS ACTION — EQUITABLE FUND.

The allowance of attorney fees, under the "equitable fund" or

"common fund" doctrine, may be made either to the plaintiff or to the attorneys themselves, without application by their immediate client, where the plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself; to allow the others to obtain full benefits from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense.

3. COSTS — ATTORNEY FEES — WORKMEN'S COMPENSATION — CLASS ACTION.

The members of a class of disabled workers who received increased workmen's compensation benefits for two years that they would not have received but for a class action begun by a law firm against the Director of the Bureau of Workmen's Compensation for a recomputation of benefits may be made to contribute equally to the litigation expenses, including an attorney fee for the law firm, where it appears that the increased benefits can be cumulated into a "fund".

4. WORKMEN'S COMPENSATION — COSTS — ATTORNEY FEES — CLASS ACTION.

The Bureau of Workmen's Compensation is the proper forum to resolve the issues raised by a petition by a law firm for attorney fees arising out of its successful representation of a class of disabled workers in an action for mandamus against the Director of the Bureau of Workmen's Compensation to compel his recomputation of certain weekly benefits for the plaintiffs where it appears that the increased benefits which resulted from the class action can be cumulated into a "fund" (MCL 418.858; MSA 17.237[858]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *John W. Simpson, Jr.,* and *Robert W. Howes),* petitioners, *in propriis personis.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for defendant Director, Bureau of Workmen's Compensation.

PER CURIAM. The law firm of Kelman, Loria, Downing, Schneider & Simpson (the "firm", below) successfully represented a class of disabled work-

ers in a mandamus action against the Director of the Workmen's Compensation Bureau arising out of the director's computation of adjustments in the weekly benefit rates under MCL 418.355; MSA 17.237(355). As a result, the Court of Appeals ordered the director to set aside his previous computation for calendar year 1973 and increase the rates for 1973 by $30. 53 Mich App 262; 218 NW2d 794 (1974). Since we did not deny leave to appeal until November 21, 1974, the weekly benefits for both 1973 and 1974 were affected. It was not until 1975 that the director complied with the Court of Appeals mandate. The firm has since then sought an attorney fee for the representation undertaken. Thwarted at each step, the firm now seeks leave to appeal in our Court. We believe the firm is entitled to an attorney fee and remand the case to the Workmen's Compensation Bureau.

I

Seventeen plaintiffs filed a complaint for mandamus in the Court of Appeals, for themselves and all others similarly situated. The plaintiffs asked that the defendant director be ordered to increase his computation of rates for 1973 from $29 to $30 which would mean an increase of $1/week for each plaintiff. The plaintiffs ultimately prevailed.

The firm first sought attorney fees in a petition filed with the bureau shortly after the Court of Appeals decision. The director concluded that the petition could not be entertained by the bureau. On January 2, 1975, the firm sent a letter to all insurers and self-insured employers:

"It is our understanding that the Director of the Bureau of Workmen's Compensation is proceeding to

enforce the final judgment in the matter of *Alexander v Director, Bureau of Workmen's Compensation,* 53 Mich App 262; leave to appeal denied 393 Mich 758 [1974]. This case was a class action brought by our firm representing all recipients of workmen's compensation adversely affected by the Director's previous adjustment of the maximum weekly rates commencing in 1973. As a result of the final judgment in this matter you will be requested to make an additional payment to members of the class who received payments during the affected period.

"As you know, the law creates an attorney's lien upon the judgment or fund resulting from an attorney's services. Michigan law has recognized the special or charging lien of an attorney as an equitable right to have the fees and costs due to him for services in a suit secured to him out of the judgment or recovery in that particular suit. This lien is based upon the natural equity that plaintiffs should not be allowed to appropriate the whole of a judgment in their favor without payming *[sic]* thereout for the services of their attorneys in obtaining such judgment.

"The workmen's compensation statute and rules provide for an attorney fee equal to 30% of the accrued compensation.

"We filed a petition to fix fees on May 15, 1974, and we have had discussions of this matter with the Director's office. It is a matter of public record and is well known that the matter of *Alexander v Director, Bureau of Workmen's Compensation,* was determined by the Court of Appeals to be a class action brought on behalf of all similarly situated claimants and that we are the attorneys of record for the class.

"As you know, Rule 18 of the Workmen's Compensation Rules provides that:

" 'When the claimant is represented by counsel, the accrued compensation shall be made payable to the persons entitled thereto and mailed to the attorney representing such person.'

"We believe that it is your duty to abide by the laws and rules relating to attorney fees and liens in this matter."

In April 1975, the bureau sent a notice to all insurance companies and self-insured employers:

"[T]he Court of Appeals has determined that there should be a $1.00 increase in weekly rates for both 1973 and 1974. There is still pending litigation as to the fee to be awarded the plaintiffs' attorney.

"All insurance carriers and self-insureds now have an obligation to pay such increases, even though there is a fee question still unresolved.

"Each company has to consider their individual obligations; however, benefits should be processed. Some carriers are paying 70% of such benefits until the fee problem is resolved. This appears to be a reasonable position.

"May we have your corrected Form 101 to show the additional payment."

The response varied: the Second Injury Fund, for example, has paid 70% of the benefits owed to members of the class and placed 30% in escrow, except in cases in which the firm represented the employee and then the 30% was paid to the firm which has in turn placed those funds in escrow; Chrysler Corporation has paid 100% to class members; Michigan Mutual Insurance Company has paid no increased benefits for 1973 and 1974.

The firm was unsuccessful in having its petition heard either in the Court of Appeals or before the bureau. Eventually, we ordered the board to "hear the merits of plaintiffs' petition to fix attorney fees in the appeal now pending before it". 395 Mich 772 (1975). On September 27, 1977, the board said in part:

"We believe we are without authority to issue an order relative to the substantive rights of parties not in interest. Nothing herein should be construed as a bar to counsel bringing an action on behalf of each and every

injured workman in the state who was paid less than what we know now to be the proper rate of compensation. Counsel made new law on behalf of plaintiff Alexander and is free to enforce same on behalf of any other client. Such individual actions will, of necessity, involve specific employees and specific employers. If there be any dispute as to entitlement (§ 841), the matter may come before the bureau on each and every case."

The Court of Appeals peremptorily affirmed.

## II

There are two questions that the firm's pleadings raise: first, is the firm entitled to any attorney fee from the class members; and second, if so, what is the proper forum for resolving how much the attorney fee should be.

## A

Justice Harlan restated the applicable rule in *Mills v Electric Auto-Lite Co,* 396 US 375, 391-392; 90 S Ct 616; 24 L Ed 2d 593 (1970):

"While the general American rule is that attorneys' fees are not ordinarily recoverable as costs, both the courts and Congress have developed exceptions to this rule for situations in which overriding considerations indicate the need for such a recovery. A primary judge-created exception has been to award expenses where a plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself. [Citation omitted.] To allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense."

That "primary exception" has evolved from

*Trustees v Greenough,* 105 US 527; 26 L Ed 1157 (1882), and *Central Railroad & Banking Co of Georgia v Pettus,* 113 US 116; 5 S Ct 387; 28 L Ed 915 (1885), and become known as the "equitable fund" or "common fund" doctrine. We have embraced the exception as well.

"This rule, that the costs as between solicitor and client will be paid out of a fund under the control of a court of equity to persons who have been successful in a suit concerning it, resulting in benefit to all interested in the fund, has been applied by the Federal courts to suits brought by stockholders for the benefit of the corporation. The allowance may be made either to the complainant or to the solicitors themselves, without application by their immediate client." *Sant v Perronville Shingle Co,* 179 Mich 42, 58; 146 NW 212 (1914).

The exception is available when a fund is created, preserved or protected. See 7A, Wright & Miller, Federal Practice & Procedure, § 1803, pp 284-292; *Pete v United Mine Workers of America Welfare & Retirement Fund of 1950,* 171 US App DC 1; 517 F2d 1275 (1975).

There can be little question in this case that class members received benefits ($1 more per week) for 1973 and 1974 that they would not have received but for the litigation begun by the firm. It also appears that these benefits can be cumulated into a "fund". The benefited class members should therefore contribute equally to the litigation expenses.

## B

The court in which the services were rendered would ordinarily be the proper forum to determine the amount of attorney fees. *Sant, supra,* 179 Mich

59. An evidentiary hearing on the extent and nature of services rendered may be needed. See, *e.g.,* in another context *Perkins v Standard Oil Co of California,* 399 US 222, 223; 90 S Ct 1989; 26 L Ed 2d 534 (1970). Although the Court of Appeals panel which heard this case would have been able to judge the quality of the firm's work,[1] the Workmen's Compensation Bureau which daily confronts the worker's compensation practitioner would be in a better position to evaluate the fee the firm should receive. Consequently, in 1975, we believed the Court of Appeals should have asked the bureau to handle the firm's petition and therefore we entered our order remanding the matter to the board.

There are additional reasons in this case why the bureau is the appropriate forum to evaluate the firm's petition. The Worker's Disability Compensation Act provides in § 858 that:

"[t]he fees and payment thereof of all attorneys and physicians for services under this act shall be subject to the approval of a hearing referee. In the event of disagreement as to such fees, an interested party may apply to the bureau for a hearing. After an order by the referee, review may be had by the director if a request is filed within 15 days. Thereafter the director's order may be reviewed by the appeal board on request of an interested party if a request is filed within 15 days. The director, by rule, may prescribe maximum attorney fees and the manner in which the amount may be determined or paid by the employee. When fees are requested in excess of that provided by rule, the director may award such fee by special order." MCL 418.858; MSA 17.237(858).

---

[1] See *Manual for Complex Litigation* (West, 1977) (Wright & Miller, Federal Practice and Procedure, Supplemental Pamphlet), § 1.47(b), p 66, for factors that have been considered by Federal courts in evaluating attorney fee petitions.

The act and the bureau's rule[2] contemplate that an attorney will be paid when he recovers benefits for an employee. There can be no doubt that the firm rendered "services under this act" since without the act there would have been no case in the Court of Appeals. The board's opinion recognizes that this firm is entitled to some fee for its work, but it would require that determination in "each and every case". That method would be self-defeating, since the total benefits in each individual case could not justify expenditure of the firm's time to file a petition and would certainly place a monumental task on an already overburdened board.

The bureau is the best forum to resolve the issues raised by the petition. Accordingly, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we remand the case to the Workmen's Compensation Bureau for a determination of the amount the firm is to be paid and how payment is to be accomplished.[3] The Court of Appeals panel which issued the writ of mandamus shall review that decision and enter an appropriate order enforcing the attorney fee award.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[2] 1972 AACS R 408.44.

[3] We do not decide the question of the propriety of a class action in the bureau. This petition is an outgrowth of a class action in the Court of Appeals. Remand to the bureau is similar to reference to a circuit judge, an option available to the Court of Appeals in an original action. GCR 1963, 816.2(2)(c).