PERKINS *v.* STANDARD OIL CO. OF CALIFORNIA

No. 1507.   Decided June 23, 1970*

PER CURIAM.

Following his success in this Court in *Perkins* v. *Standard Oil Co.,* 395 U. S. 642, the petitioner filed in the District Court for the District of Oregon an application for allowance of attorneys' fees, pursuant to § 4 of the Clayton Act,† for legal services performed during the appellate stages of that litigation, both in the Court of Appeals and in this Court.   The District Court denied the application, ruling that § 4 did not authorize the allowance of attorneys' fees for services performed in connection with appellate proceedings.

*Together with No. 1556, *Perkins* v. *Standard Oil Co. of California,* on petition for writ of certiorari to the same court.

†That section provides in pertinent part as follows:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States . . . and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."   38 Stat. 731, 15 U. S. C. § 15.

Petitioner appealed this decision to the Court of Appeals and simultaneously filed in that court two separate applications for attorneys' fees for legal services performed there and in this Court. The Court of Appeals denied the latter application, believing that our mandate in *Perkins*, by not mentioning attorneys' fees, was intended to preclude an award of such fees.

The District Court was in error in holding that § 4 does not authorize the award of counsel fees for legal services performed at the appellate stages of a successfully prosecuted private antitrust action. Both the language and purpose of § 4 make that construction untenable. See *American Can Co.* v. *Ladoga Canning Co.*, 44 F. 2d 763, cert. denied, 282 U. S. 899. The amount of the award for such services should, as a general rule, be fixed in the first instance by the District Court, after hearing evidence as to the extent and nature of the services rendered. See, *e. g., Osborn* v. *Sinclair Refining Co.*, 207 F. Supp. 856, 864. The Court of Appeals was also in error in interpreting our mandate as precluding the award of such fees for services performed in connection with the litigation in this Court. Our failure to make explicit mention in the mandate of attorneys' fees simply left the matter open for consideration by the District Court, to which the mandate was directed.

The petitions for certiorari are granted and the judgments are vacated. No. 1556 is remanded to the District Court, and No. 1507 to the Court of Appeals, for further proceedings consistent with this opinion.

*It is so ordered.*

MR. JUSTICE HARLAN took no part in the consideration or decision of these cases.