Duward W. STONE, Plaintiff-Appellee,

v.

The CITY OF WICHITA FALLS, et al.,
Defendants-Appellants.

No. 79–3940.

United States Court of Appeals,
Fifth Circuit.*

Unit A

Feb. 18, 1982.

H. P. Hodge, Jr., City Atty., Wichita
Falls, Tex., for defendants-appellants.

Larry Watts, Houston, Tex., for plaintiff-
appellee.

Before RUBIN and GARZA, Circuit
Judges, and SUTTLE**, District Judge.

BY THE COURT:

Pursuant to the Civil Rights Attorney's
Fees Awards Act of 1976, 42 U.S.C. § 1988
(1976 ed.), counsel for a party successful on
appeal seeks fees for filing a brief in oppo-
sition to the unsuccessful party's application
to the Supreme Court for a writ of certiora-
ri. Having an inadequate record from
which to determine the matter, we remand
it to the district court to decide by applying
the same standards to services rendered in
seeking or opposing Supreme Court review
that are applied to other appellate services.

Whether attorney's fees should be
awarded and, if so, the amount to be al-
lowed are matters that should normally be
determined in the first instance by a trial
court, subject of course to appellate review.
*United States v. Texas Construction Co.,*
237 F.2d 705, 707 (5th Cir. 1955). Even if it
is clear from the result obtained and the
appropriate statutory or jurisprudential
rule that fees should be allowed, the
amount of services rendered, the appropri-
ateness of such services, and the fixing of a
reasonable amount in compensation for
them are matters that cannot usually be
resolved on the face of the record but in-
volve the consideration of evidence even as
to services rendered on appeal and in con-
nection with a petition for certiorari in the
Supreme Court. *Id. See also Perkins v.*

* Former Fifth Circuit case, Section 9(1) of Public
Law 96–452—October 14, 1980.

** District Judge of the Western District of Tex-
as, sitting by designation.

**234**

*Standard Oil Co.*, 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970); *McGowan v. King, Inc.*, 661 F.2d 48, 50 (5th Cir. 1981). The basic principle that the prevailing party is due only compensation for "reasonable attorney's fee[s]," 42 U.S.C. § 1988, necessarily implies an evaluation both of the necessity of rendering those services for which a fee is sought and of the reasonableness of the amount requested. *Cf.* S.Rep.No. 94–1011, 94th Cong., 2d Sess. 6, *reprinted in* [1976] U.S.Code Cong. & Ad. News 5908, 5913 ("In computing the fee, counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, 'for all time reasonably expended on a matter.' ").

On occasion, when the facts necessary to the determination of these matters are so clear from the face of the record and our knowledge of the services rendered before us that we, as an appellate court, are in a position to fix the amount due for services rendered on appeal, we may do so. *Hutto v. Finney*, 437 U.S. 678, 693–700, 98 S.Ct. 2565, 2574–78, 57 L.Ed.2d 522, 535–540 (1978) (affirming an award for appellate services made by the Eighth Circuit Court of Appeals, 548 F.2d 740, 743 (8th Cir. 1977)); *Davis v. Roadway Express, Inc.*, 590 F.2d 140, 143–44 (5th Cir. 1979). These cases usually involve compensation only for preparation of a brief and oral argument, and we are sometimes able accurately to gauge what is reasonable for such effort.

In this case, however, compensation is sought for filing a brief in opposition to an application to the Supreme Court for a writ. Neither the application, the supporting brief, nor the opposing brief are before us. We have no basis on which we can determine whether the issues raised in the application were sufficiently likely to be successful or were stated in such fashion that reasonably competent counsel should have considered it reasonable to expend time and effort in opposing the application. For a fee is not due counsel for every pain taken, but only for time reasonably expended. *Jones v. Diamond*, 636 F.2d 1364, 1381–82 (5th Cir. 1981) (en banc). Moreover, we

have no way to determine whether the time for which fees are sought, 19.5 hours, was reasonably necessary to prepare the opposition.

For these reasons, the petition is RE-MANDED to the district court.