**LIBERTY MUTUAL INSURANCE COMPANY, etc., et al., Plaintiffs-Appellees,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., Defendants,**

**and**

**State of California Fair Employment and Housing Commission (successor to defendant State of California Fair Employment Practice Commission), et al., Defendants-Appellants.**

No. 82–5005.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 1982.

Decided Oct. 26, 1982.

district court. *Stanger v. City of Santa Cruz,*   653 F.2d 1257 (9th Cir. 1980).

NELSON, Circuit Judge:

The State of California Fair Employment Practice Commission appeals from the grant of a Fed.R.Civ.P. 60 motion striking its Fed.R.Civ.P. 68 costs award. It contends that the motion had to be brought under Fed.R.Civ.P. 59(e) and was therefore untimely. In the alternative, it contends that the district court was required to award costs. We hold that the motion was correctly brought under Rule 60 and that the district court erred in granting that motion to delete the state's award of costs. We therefore reverse in part and remand for the district court to enter an award of costs in favor of defendants in accordance with this opinion.

## FACTS AND PROCEEDINGS BELOW

Liberty Mutual Insurance Company and other insurance companies (Liberty) filed a claim against the State of California Fair Employment Practice Commission. They sought declaratory and injunctive relief from certain investigations and disclosures by the state.

On June 21, 1978, the state offered, pursuant to Fed.R.Civ.P. 68,[1] to consent to a judgment enjoining it from disclosure of information made confidential by law and awarding Liberty accrued costs. Liberty did not accept this offer.

Cross motions for summary judgment were filed. The state's motion consented to the entry of the injunction contained in its Rule 68 offer, and argued, therefore, that no further relief was warranted.

Charles M. Kagay, Deputy Atty. Gen., San Francisco, Cal., argued, for defendants-appellants; Marian M. Johnston, Deputy Atty. Gen., San Francisco, Cal., on brief.

S. Richard Pincus, Fox & Grove, Chicago, Ill., for plaintiffs-appellees.

Before ELY, GOODWIN and NELSON, Circuit Judges.

1. Rule 68 provides as follows:

Rule 68. Offer of Judgment

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.
Fed.R.Civ.P. 68.

The district court denied Liberty's motion and granted the state's. It then entered an injunction against the state that included the offered judgment and other provisions. The state moved to amend the judgment to strike the additional provisions added by the district court and to award it costs under Rule 68. The motion was denied.

On appeal, another panel of this court reversed in part, and remanded. *Liberty Mutual Insurance Co. et al. v. California,* 652 F.2d 63 (9th Cir. 1981) (unpublished). The panel struck the additional provisions of the injunction and awarded the state its costs on appeal. The injunction, as modified, was therefore identical to the state's offer of judgment.

On remand, the district court entered a new judgment in accordance with this court's mandate. It enjoined the state as offered and awarded it costs.

Liberty then moved under Fed.R.Civ.P. 60(a) and (b)[2] to "correct" the judgment to delete the costs award. Liberty argued that the original denial of costs had been affirmed by this court on appeal, and that the award was therefore barred. The district court granted Liberty's motion, from which the state filed a timely appeal.

### ISSUES

The following issues are raised on appeal:

(1) Did the district court have power under Rule 60 to correct its award of costs?

(2) Did the district court err in granting Liberty's Rule 60 motion to correct the judgment and deny the state costs?

### DISCUSSION

I. *Did the district court have power under Rule 60 to correct its award of costs?*

█ The district court corrected its judgment pursuant to Rule 60,[3] to delete an award of costs in the district court. Although the district court's memorandum does not specifically so state, it appears that the district court agreed with Liberty that it was bound by this court's previous decision, i.e., the law of the case.

The state argues that, insofar as Liberty's Rule 60 motion was based on the failure of the district court to follow the law of the case, it was based on an error of law. 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.19, at 226 (2d ed. 1982) (whether a Rule 60 motion states any reason for relief usually involves a question of power, and hence, an issue of law). The question of law thus presented is freely reviewable on appeal. *Alonzo v. ACF Property Management, Inc.,* 643 F.2d 578, 579 (9th Cir. 1981).

The state relies on authority from another circuit for the proposition that errors of

2. Rule 60 provides in pertinent part:
Rule 60. Relief from Judgment or Order
  (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
  (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more

than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. . . .
Fed.R.Civ.P. 60.

3. Liberty's motion was styled under both subsections (a) and (b) of Rule 60. It is clear that Rule 60(a) is inapplicable here. This was necessarily a deliberate error, stemming from the application of either the law of the case or Rule 68, rather than a "clerical" or "ministerial" error. *See Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 153 (1st Cir. 1980).

law are not cognizable under Rule 60. *E.g., Scola v. Boat Frances, R., Inc.,* 618 F.2d 147 (1st Cir. 1980). Rather, the state argues that such a motion must be filed under Fed.R.Civ.P. 59(e),[4] and, since Liberty's motion was not filed within 10 days of entry of judgment, the district court lacked jurisdiction under that rule. *See Browder v. Director,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

The circuits are split as to whether errors of law may be corrected under Rule 60 motions. 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.22[3] (2d ed. 1982); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858, at 176–80 (1973 & Supp. 1982); 1 ALR Fed. 771 (1969 & Supp.1981). *See generally* Note, Federal Rule 60(b): *Finality of Civil Judgments v. Self-Correction by District Court of Judicial Error of Law,* 43 Notre Dame Law. 98 (1967). The law in this circuit is that errors of law *are* cognizable under Rule 60(b). *Gila River Ranch, Inc. v. United States,* 368 F.2d 354, 356 (9th Cir. 1966).

We hold that the district court did have power under Rule 60(b)(1) to reconsider its award of costs.[5]

II. *Did the district court err in granting Liberty's Rule 60 motion to deny the state costs?*

A. *Law of the case*

Liberty argues, and the district court apparently believed, that this court's decision

in *Liberty Mutual Insurance Co. et al. v. California,* 652 F.2d 63 (9th Cir. 1981) (unpublished), decided the costs question in Liberty's favor. We disagree.

■ Lower courts are free to decide issues on remand so long as they were not decided on a prior appeal. *Quern v. Jordan,* 440 U.S. 332, 347 n.18, 99 S.Ct. 1139, 1148 n.18, 59 L.Ed.2d 358, 370 n.18 (1979); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 793 (1981). Thus, the law of the case would preclude the district court from reconsidering only issues decided explicitly or by necessary implication in this court's previous disposition. *Conway v. Chemical Leaman Tank Lines, Inc.,* 644 F.2d 1059, 1062 (5th Cir. 1981); 18 C. Wright, A. Miller & E. Cooper, *supra,* ¶ 4478, at 789.

■ Although in its previous appeal the state contested the district court's denial of costs, our prior disposition awarded the state only its costs on appeal. The disposition was completely silent as to the issue of costs in the district court. Liberty argues that this silence amounts to an implicit denial of costs in the district court. There is no reason, however, why our earlier silence did not simply leave the matter of costs open for consideration by the district court on remand. *See Perkins v. Standard Oil of California,* 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534, 536 (1970) (per cu-

---

**4.** Rule 59(e) provides as follows:

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment shall be served not later than 10 days after the entry of the judgment.

**5.** The state further contends that *Gila* was overruled by *White v. New Hampshire,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Far from holding that fee and costs issues were cognizable only under Rule 59, the Court stated in *White* that "[a] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment." *Id.* at 452, 102 S.Ct. at 1166, 71 L.Ed.2d at 333, *quoting Knighton v. Watkins,* 616 F.2d 795, 797 (5th Cir. 1980). The Court in *White* made it clear that Rule 59(e) did not cover issues that were ancil-

lary to the judgment. 455 U.S. at 452, 102 S.Ct. at 1166, 71 L.Ed.2d at 331. A challenge to a cost award, like fees, does not challenge the underlying judgment on the merits. Accordingly, the district court had the power to entertain Liberty's motion to correct the judgment by deleting the cost award.

This court in the case of *Rodriguez v. Southern Pacific Transportation Co.,* 587 F.2d 980, 981 n.2 (9th Cir. 1978) (per curiam), in a footnote commented that the circuits are split and that it is unclear whether relief can be granted under Rule 60(b) on grounds of judicial error of law. The court failed to cite the *Gila* case which clearly states the law of this circuit to be that errors of law may be corrected under Rule 60(b) motions.

riam) ("Our failure to make explicit mention in the mandate of attorneys' fees simply left the matter open for consideration by the District Court, to which the mandate was directed."). Thus, we hold that the law of the case did not require the district court to grant Liberty's Rule 60 motion.

## B. *Rule 68*

 Awards of costs under Rule 68 are limited to situations where "the judgment finally obtained by the offeree is not more favorable than the offer." *See* note 1, *supra*. Liberty contends that because the judgment was entered on a grant of summary judgment to the state, it was "obtained by" the defendant.

The recent Supreme Court case of *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), construed Rule 68 as inapplicable to situations where the defendant, after making a settlement offer, obtained the judgment. *Id.* at 352, 101 S.Ct. at 1150, 67 L.Ed.2d at 292. Liberty contends that Rule 68 is similarly inapplicable in the present case because the judgment was entered on a grant of summary judgment to the state.

Liberty's reliance on *Delta Air Lines* is misplaced. In its motion for summary judgment, the state moved to allow judgment to be entered against it, under the same terms as its previous Rule 68 offer. This motion the district court granted.[6] The Court in *Delta Air Lines* stated that Rule 68 "applies when the defendant offers to have 'judgment ... taken against him.' ... [T]he Rule obviously contemplates that a 'judgment taken' against a defendant is one favorable to the plaintiff ...." *Id.* at 351, 101 S.Ct. at 1150, 67 L.Ed.2d at 292;

*see id.* at 352 n.9, 101 S.Ct. at 1150 n.9, 67 L.Ed.2d at 293 n.9. We therefore hold as a matter of law that Rule 68 applies to the present case.

 Liberty's final argument is that the district court had discretion to deny costs under Rule 68. We find this contention, as well, to be without merit. Although the district court normally has discretion under Fed.R.Civ.P. 54(d)[7] as to whether to award costs to the prevailing party, where a Rule 68 offer is made and the judgment finally obtained by the plaintiff is not more favorable than the offer, he *must* pay the costs incurred after the asking of the offer. This language is mandatory; where the rule operates, it leaves no room for district court discretion. *See Delta,* 450 U.S. at 355–56, 101 S.Ct. at 1151–52, 67 L.Ed.2d at 294–95; *see id.* at 369, 101 S.Ct. at 1158, 69 L.Ed.2d at 303 (Rehnquist, J., dissenting).

 Having made a Rule 68 offer identical to the judgment ultimately entered, the state is entitled to the costs incurred after the making of the offer. We remand for the district court to enter judgment and assess costs in a manner consistent with this opinion.[8]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**6.** The district court, of course, attached additional conditions, which were ordered stricken after the previous appeal in this case. The mandate ordered the district court to enter judgment in terms identical to the state's Rule 68 offer and its summary judgment motion's offer to allow judgment to be entered against it.

**7.** Rule 54(d) provides as follows:

(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court. Fed.R.Civ.P. 54(d).

**8.** Liberty's motion to file supplemental briefs is denied as moot.