Ramon **MARTINEZ** and Maria **Martinez, Plaintiffs-Appellants,**

v.

The **IDAHO FIRST NATIONAL BANK,** a national banking association, **Defendant-Appellee.**

Jim **DIXEY, Plaintiff-Appellant,**

v.

The **IDAHO FIRST NATIONAL BANK,** a national banking association, **Defendant-Appellee.**

Nos. **84–3918, 84–3919.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 1985.

Decided March 18, 1985.

Skopil, Circuit Judge, filed a specially concurring opinion.

Howard A. Belodoff, Idaho Legal Aid Services, Inc., Boise, Idaho, for plaintiffs-appellants.

Larry E. Prince, C. Lee Mumford, Langroise, Sullivan & Smylie, Boise, Idaho, for defendant-appellee.

Before KILKENNY, GOODWIN, and SKOPIL, Circuit Judges.

KILKENNY, Circuit Judge.

This appeal constitutes the second time this case has been before this court. *See Dixey v. Idaho First Nat'l Bank*, 677 F.2d 749 (CA9 1982). For the reasons set forth below, the decision of the district court is modified to reflect an enlarged award of attorney's fees.

The issues raised on this appeal are two: First, whether the district court erred by limiting appellants' attorney's fees to the amount awarded them as statutory dam-

ages; and, second, whether the district court erred by declining to award appellants any attorney's fees for the work done on appeal. We review for an abuse of discretion. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1384 (CA9 1984); *Loring v. City of Scottsdale*, 721 F.2d 274, 276 (CA9 1983).

## A.

■ The determination of the amount of attorney's fees to be awarded appellants under the Truth-In-Lending Act, 15 U.S.C. § 1640(a)(3), must be based on the same criteria used in similar statutory grants. *Dixey*, 677 F.2d at 753 (Kennedy, J., concurring). Those factors were spelled out in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (CA9 1975), *cert. denied* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). The failure to follow these guidelines constitutes an abuse of discretion. *Laborers Clean-Up Contract Admin. Trust Fund v. Uriarte Clean-Up Serv.*, 736 F.2d 516, 525 (CA9 1984).

■ The district court specifically mentioned only three of the *Kerr* factors in its decision (time and labor expended, difficulty of questions presented, and amount involved), and concluded that there was nothing in the record to support a claim for a larger fee award under the remaining nine *Kerr* factors. An examination of the record bears this out.

Appellants separately filed complaints in two cases, alleging nine violations of the Truth-In-Lending Act in each action. Of these nine alleged violations, the district court found that six did not run afoul of the Act, a finding that was not appealed. The remaining three violations were held to be de minimis technical errors which caused appellants no harm. On appeal, this court held that one of the three minor violations was not de minimis, and remanded. Thus, of the original eighteen alleged violations, appellants ultimately succeeded in proving the existence of only a single violation of more than de minimis proportions.

Applying the *Kerr* criteria to this case, it appears that the amount of time expended on the trial of these cases was not great (averaging less than twenty hours per case). Despite this court's disagreement with the trial court's characterization of one of the violations as "minor" and "technical", it cannot be said that the issues presented were unusually difficult. There is nothing in the record to demonstrate that appellants' attorneys had, needed, or used extraordinary skills to achieve the results obtained, or that these lawyers were precluded from taking on other cases in the interim. The amount involved was certainly small, and the results obtained could be termed negligible.

We hold that the district court did not abuse its discretion on this issue.

## B.

■ In declining to consider the 163.6 hours appellants' counsel claimed for work done on the first appeal, the district court declared that Ninth Circuit Rule 14 was controlling and appellants' failure to comply with the requirements of that rule deprived them of any right to fees for the appellate work performed.

Ninth Circuit Rule 14(g) requires that requests for attorney's fees for appellate work be filed with the Clerk of this court within thirty days of the entry of the appellate court's decision. Appellants freely concede that they did not file such a request with the Clerk. Nevertheless, facts peculiar to this case must be taken into consideration.

First, Rule 14's requirement that a petition for attorney's fees be filed with the Court of Appeals was not promulgated until several months after the first appeal was filed. Because this rule was not in effect at the time the appeal was filed, appellants could not have complied with the final paragraph of Rule 14(g), which reads as follows:

"A party who intends to request attorneys fees on appeal shall include *in its opening brief* a short statement of the authority pursuant to which the request

will be made. See Local Rule 13(b)(1)(E)."
(Emphasis added)

Second, Judge Kennedy's concurrence in *Dixey* can be read as stating that it was the responsibility of the district court to address the attorney's fee question on remand. *See* 677 F.2d at 753.

Finally, the clear weight of authority prior and subsequent to 1981 (the date of Rule 14(g)'s promulgation) supports the argument that the district court has jurisdiction to determine factual questions relating to attorney's fees for appellate work following the remand of a case. *See, e.g., Perkins v. Standard Oil Co.*, 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534 (1970) (per curiam); *Carpenters South. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1417 & n. 12 (CA9 1984); *United Pac. Ins. Co. v. Idaho First Nat'l Bank*, 378 F.2d 62, 69 (CA9 1967).

It is the conclusion of this court that the district court abused its discretion by failing to take into consideration the hours expended on the first appeal of this action by appellants' counsel.

■ In the interests of judicial economy and desiring to avoid a second remand and possible third appeal of this matter, the question of attorney's fees will be resolved here. An examination of the record leads to the conclusion that the number of hours claimed for work done on the first appeal and remand are not only excessive, but are inadequately and improperly documented. It is therefore the decision of this court that appellants' award of attorney's fees be modified to include additional fees for the appeal and remand of this case, for a total attorney's fee award of $2,500.00. *Cf., In re Pine*, 705 F.2d 936, 939 (CA7 1983) (awarding total of $2,500.00 for attorney's fees, including appeal, where damages limited to statutory award of $1,000.00).

The decision of the lower court is modified to reflect an enlarged attorney's fee award as indicated above. In all other respects, the decision of the district court is AFFIRMED.

SKOPIL, Circuit Judge, specially concurring:

I agree with our decision to conclude this controversy by setting a reasonable attorney's fee. I disagree, however, that we should do so by affirming the district court. Rather, I believe that the court below abused its discretion by limiting the fee award to the amount of the statutory recovery and by its refusing to consider the hours expended on the first appeal. Accordingly, I would reverse the court's decision and remand with instructions to enter an order awarding $2500.00 in fees.

In *Kessler v. Associates Financial Services Co.*, 639 F.2d 498, 499 (9th Cir.1981), we held that a legal services organization was entitled to recover an attorney fee award in a successful Truth-in-Lending action. We upheld an award of $2,000 against a challenge that is was unreasonably low. Id. at 500. We did so because we found that the record showed the district court had adequately considered each of the factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

The district court here considered several of the *Kerr* factors. I would usually consider that adequate but for the court's apparent belief that the amount should be limited to the statutory recovery. The Fifth Circuit was faced with much the same problem in *Reneau v. Mossy Motors*, 622 F.2d 192 (5th Cir.1980). There the district court refused to allow an award greater than plaintiff's recovery. The Court of Appeals responded:

Finally, we can countenance no artificial ceiling on an award of attorneys' fees. While an award greatly in excess of client's recovery requires strong support from the particular circumstances of the case, the ceiling on the client's recovery should not operate as an impenetrable barrier to reasonable compensation.

*Id.* at 196 (citations omitted). The court remanded to allow the district court to reconsider the amount of the award.

I write separately to emphasize that the amount of the attorney fee award in Truth-in-Lending actions is not governed by the amount of the statutory recovery.