927 F.2d 1257
 288 U.S.App.D.C. 402
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Gloria Jackson ALLEN, Individually, and as Personal
Representative of the Estate of Helena S. King, et
al., Appellants,
v.
Margie A. UTLEY, Esquire, et al.
 No. 90-7024.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 12, 1991.
 
 DISMISSED.
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion to dismiss appeal, the motion for attorneys' fees and memorandum in response to show cause order and the reply thereto, the motion for leave to file late motion for summary reversal, and the motion for leave to file late motion for stay and injunction pending appeal, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the motion to dismiss be granted. The district court did not usurp this court's authority in awarding attorneys' fees incurred on appeal. See Save Our Cumberland Mountains, Inc. v. Hodel, 826 F.2d 43, 51-52 (D.C.Cir.1987) (evaluating fee award without questioning authority of district court to grant fees covering appellate work), vacated, 857 F.2d 1516 (D.C.Cir.1988) (en banc); Westmoreland v. CBS, 770 F.2d 1168, 1179-80 (D.C.Cir.1985) ("The calculation of the amount of the appellate attorneys' fee award can best be made by the district court. Thus, in assessing attorneys' fees the district court should also include a reasonable attorneys' fee for the prosecution of the present appeal....") (citations omitted); cf. Perkins v. Standard Oil Co., 399 U.S. 222 (1970) (per curiam) (holding that district court erred in concluding that Sec. 4 of Clayton Act did not authorize award of attorneys' fees incurred on appeal). It is
 
 
 4
 FURTHER ORDERED that the motion for attorneys' fees be granted. Prior to August 6, 1990, appellants and American Security Bank entered into a settlement agreement requiring prompt dismissal of this appeal. Appellants did not comply with the settlement agreement. Had they complied and promptly dismissed the appeal, American Security Bank would not have had to respond to an order to show cause filed August 27, 1990. Although appellants maintain that they were uncertain as to whether they were authorized to dismiss the appeal, they have offered no explanation for their failure to raise this concern in a prompt motion to dismiss the appeal. Because appellants' unjustified failure to comply with the terms of the settlement agreement necessitated American Security Bank's response to the order to show cause, we hold appellants Gloria Jackson Allen and A. Palmer Ifill, Esquire, jointly and severally liable for American Security Bank's attorneys' fees in the amount of $175.00. The fees should be paid directly to American Security Bank and not to the Clerk of the Court. It is
 
 
 5
 FURTHER ORDERED that the motion for leave to file late motion for summary reversal and motion for leave to file late motion for stay and injunction pending appeal be dismissed as moot.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.