**Supreme Court**
No. 2015-181-Appeal.
(NC 08-119)

Bennie Sisto, as the Trustee of Goat Island      :
            Realty Trust

                    v.                            :

America Condominium Association, Inc.,            :
            et al.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2015-181-Appeal.
(NC 08-119)
(Dissent begins on page 9)

Bennie Sisto, as the Trustee of Goat Island    :
            Realty Trust

                    v.                          :

America Condominium Association, Inc.,          :
            et al.

Present:  Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The saga continues between the plaintiff, Bennie Sisto (Sisto or plaintiff), and the defendants, America Condominium Association, Inc., and the members of its executive board, (collectively, defendants).  This time, the plaintiff appeals the Superior Court's award of $8,924.60 to the defendants for their attorney's fees incurred in defending the plaintiff's claim on appeal pursuant to Rhode Island's strategic lawsuit against public participation (anti-SLAPP) statute, G.L. 1956 chapter 33 of title 9.  This matter came before the Supreme Court on February 25, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided.  After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown.  Accordingly, we shall decide the matters at this time without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

Setting the various nuances and nitty-gritty details of this seemingly never-ending case aside, the facts essential to the instant appeal are as follows.[1] The plaintiff owns a condominium unit within the Goat Island South (GIS) condominium community. In 2006, he filed an application with the Coastal Resources Management Council (CRMC) seeking to expand his unit. The defendants filed an objection to his proposal, asserting, inter alia, that plaintiff did not own the property upon which he sought to expand his unit and that his proposal failed to comply with certain CRMC requirements. As a result of this objection and other correspondence with defendants, the CRMC questioned whether plaintiff owned the land he sought to expand upon and denied his application.

In March 2008, plaintiff took his grievances to the courthouse and filed a complaint in Newport County Superior Court alleging slander of title and breach of contract and seeking a declaratory judgment that he had the right to file an application with the CRMC to expand his unit. Not to be outdone, defendants moved for partial summary judgment, arguing that our anti-SLAPP statute protected them from any liability for questioning plaintiff's ownership of the land in their communications with the CRMC. The trial justice granted defendants' partial summary judgment motion; and, in accordance with § 9-33-2(d) of the anti-SLAPP statute, awarded defendants $9,685.31 in attorney's fees. The plaintiff appealed to this Court, and we affirmed the Superior Court's grant of the partial summary judgment motion in favor of defendants on the

---

[1] For a full recitation of the facts surrounding this ten-year odyssey, we refer the reader to our opinion in Sisto v. America Condominium Association, Inc., 68 A.3d 603 (R.I. 2013).

anti-SLAPP claim.[2]  Sisto v. America Condominium Association, Inc., 68 A.3d 603, 617 (R.I. 2013).  Following that opinion, defendants filed an amended motion for an assessment of attorney's fees in Superior Court seeking to recover $29,748.65 incurred in defending the anti-SLAPP judgment on appeal.[3]

In that proceeding, the hearing justice first issued a decision in which he determined that the Superior Court had subject matter jurisdiction to hear defendants' motion, rejecting plaintiff's myriad contentions to the contrary.  The hearing justice then issued a subsequent decision awarding defendants $8,924.60 in attorney's fees in connection with the appeal.  Final judgment was entered on April 30, 2015.  The plaintiff filed a timely appeal.[4]

## II

### Issues on Appeal

On appeal, plaintiff argues that the hearing justice erred when he determined that the Superior Court had subject matter jurisdiction over defendants' motion for assessment for attorney's fees.  He also posits that the fees awarded to defendants were unreasonable.  We discuss the specifics of his quarrels below.

---

[2] We also concluded that the Rhode Island Condominium Act, G.L. 1956 chapter 36.1 of title 34, required plaintiff to obtain unanimous consent from the other 153 unit owners in the Goat Island Community to expand his townhouse on to the shared land.  Sisto, 68 A.3d at 614.

[3] The defendants' original motion sought attorney's fees in the amount of $152,122.55.  The motion was amended to "eliminat[e] fees mistakenly included in the original motion" and sought a total of $39,433.96, which included the outstanding $9,685.31 in attorney's fees that were previously awarded by the Superior Court.

[4] According to defendants, shortly after plaintiff filed the instant notice of appeal, defendants received a check from plaintiff in the amount of $8,924.60 along with a memorandum which stated that plaintiff was making payment "without prejudice and with full reservation of rights." From what we can discern from the record and the parties' prebriefing statements, the previous award of $9,685.31 remains unpaid.

**Discussion**

To begin, we sketch a brief overview of attorney's fees as they relate to the anti-SLAPP statute. Section 9-33-2(d) provides: "If the court grants the motion asserting the immunity established by this section, * * * the court <u>shall</u> award the prevailing party costs and reasonable attorney's fees, including those incurred for the motion and any related discovery matters." (Emphasis added.) Thus, in <u>Alves v. Hometown Newspapers, Inc.</u>, 857 A.2d 743, 757 (R.I. 2004), we held that when a party prevails under the anti-SLAPP statute, "an award of costs and reasonable attorneys' fees [is] mandatory." We have also stated that the statutorily mandated fees include those in connection with an appeal "for the defense of [such] judgment." <u>Karousos v. Pardee</u>, 992 A.2d 263, 273 (R.I. 2010). This statutory authority results in a deviation from our otherwise "staunch adherence to the 'American rule' that requires each litigant to pay its own attorney's fees * * *." <u>Moore v. Ballard</u>, 914 A.2d 487, 489 (R.I. 2007) (citing <u>Eleazer v. Ted Reed Thermal, Inc.</u>, 576 A.2d 1217, 1221 (R.I. 1990)).

The plaintiff does not dispute that defendants "prevailed" under the anti-SLAPP statute, both in the Superior Court and on appeal. Thus, under our case law, an award of reasonable attorney's fees in defendants' favor—including those incurred in connection with defending the judgment on appeal—is mandatory. The plaintiff nevertheless attacks the award both as to its propriety and reasonableness.

**A. Propriety of the Award of Attorney's Fees**

Whether the issue of attorney's fees was properly before the Superior Court is a threshold matter in this appeal, so we address this issue first.

### i. The Mandate Rule

The plaintiff's most tenable argument is that the Superior Court improperly deviated from our mandate in <u>Sisto</u>, 68 A.3d at 617, by awarding defendants attorney's fees because the mandate provided no such direction.

"The 'mandate rule' can be summarized as follows:

'When a case has been once decided by this court on appeal, and remanded to the [Superior Court], whatever was before this court, and disposed of by its decree, is considered as finally settled. The [Superior Court] is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. * * * But the [Superior Court] may consider and decide any matters left open by the mandate of this court.'" <u>Pleasant Management, LLC v. Carrasco</u>, 960 A.2d 216, 223 (R.I. 2008) (quoting <u>United States v. Thrasher</u>, 483 F.3d 977, 981 (9th Cir. 2007)).

Our mandate in <u>Sisto</u>, 68 A.3d at 617, stated, in relevant part, "we affirm the judgment of the Superior Court * * * with respect to Sisto's standing to file the application for expansion with the CRMC, as well as with respect to the anti-SLAPP issue. * * * The papers may be remanded to the Superior Court." The mandate makes no mention of attorney's fees in connection with that appeal because that issue was not before us. Nevertheless, the fact that we did not explicitly mention attorney's fees in the mandate did not preclude the Superior Court from subsequently awarding defendants attorney's fees incurred in defending the judgment on appeal. <u>See</u> <u>Perkins v. Standard Oil Co. of California</u>, 399 U.S. 222, 223 (1970). Indeed, the assessment of attorney's fees is best handled by the Superior Court. <u>See</u> <u>Keystone Elevator Co. v. Johnson & Wales University</u>, 850 A.2d 912, 920 (R.I. 2004) (noting that "[t]he trial justice is in the unique position of observing the attorneys requesting the fees and is better able to judge the merits of a particular request."). Because it was silent with regard to attorney's fees—which, we reiterate,

are mandatory under § 9-33-2(d)—our mandate left the determination of the proper award of fees to the Superior Court. See Perkins, 399 U.S. at 223. Therefore, the Superior Court did not vary from our mandate when it considered defendants' motion for appellate attorney's fees.[5]

### ii. Res Judicata

Battling on, plaintiff also argues that the doctrine of res judicata barred the Superior Court from entertaining defendants' motion for attorney's fees. However, res judicata is not applicable to the case at hand because that doctrine bars the relitigation of issues in a second cause of action. Torrado Architects v. Rhode Island Department of Human Services, 102 A.3d 655, 658 (R.I. 2014). Here, no second cause of action has been filed. Rather, the original cause of action remains ongoing. Thus, the doctrine of res judicata is inapposite.[6]

### B. Reasonableness of the Fees

The plaintiff next argues that the Superior Court erroneously awarded defendants attorney's fees because they failed to submit sufficient documentation to substantiate their request. Specifically, he contends that the records submitted by defendants did not identify the hours expended on the anti-SLAPP claim versus the other issues on appeal and may have been duplicative. Thus, plaintiff contends that the hearing justice abused his discretion by arbitrarily awarding defendants $8,924.60 in fees.

---

[5] This line of reasoning also effectively disposes of plaintiff's contention that defendants' failure to explicitly request an award of fees from this Court prevented the Superior Court from awarding them. Furthermore, while the better practice may have been to request the fees in their initial appeal, plaintiff does not point to any statutory or common law rule that requires it.

[6] In a last-ditch effort, plaintiff argues that defendants cannot recover attorney's fees because they did not actually pay the fees; rather, their insurance company did. However, there is no requirement that a prevailing party pay its fees out of pocket in order to recover, and, at oral argument, defendants' counsel represented that all but approximately $1,000 of the fee award would be recouped by their insurance company, presumably pursuant to a subrogation agreement.

This Court reviews an award of attorney's fees for an abuse of discretion. Pearson v. Pearson, 11 A.3d 103, 108 (R.I. 2011) (citing Blue Cross & Blue Shield of Rhode Island v. Najarian, 911 A.2d 706, 709 (R.I. 2006)). "It is well within the authority of the trial justice to make an attorneys' fee award determination after considering the circumstances of the case." Keystone Elevator Co. v. Johnson & Wales University, 850 A.2d 912, 920 (R.I. 2004) (citing Schroff, Inc. v. Taylor-Peterson, 732 A.2d 719, 721 (R.I. 1999)). After reviewing the record and the hearing justice's decision, we conclude that he did not abuse his discretion when he awarded attorney's fees to defendants in connection with their appeal. The hearing justice carefully considered the circumstances surrounding this unique and drawn-out case. He conducted an in camera review of the invoices submitted with defendants' motion and calculated a fee in light of what he had before him.

In determining the "lodestar,"[7] the hearing justice first reduced defendants' request of $29,748.65 by 75 percent to more accurately reflect the time spent on the "tangentially-related" anti-SLAPP claim and eliminate time that may have been spent on the other issues that were on appeal. While an across-the-board reduction is certainly not the most precise method for

---

[7] The "lodestar" is the starting point for determining the reasonableness of attorney's fees and is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Matter of Schiff, 684 A.2d 1126, 1131 (R.I. 1996) (quoting Pontarelli v. Stone, 781 F. Supp. 114, 120 (D.R.I. 1992) and Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Since our opinion in Colonial Plumbing & Heating Supply Co. v. Contemporary Construction Co., 464 A.2d 741, 744 (R.I. 1983), "affidavits or expert testimony establishing the criteria on which a fee award is to be based" have been required. Furthermore, we note that our recent opinion in Tri-Town Construction Co. v. Commerce Park Associates 12 LLC, Nos. 2015-22-A & 2015-146-A, slip. op. at 18 (R.I., filed June 22, 2016) held that such affidavits or testimony must be submitted by independent counsel who are "not representing the parties to the action in which fees are sought." In that case, however, the propriety of the affidavit completed by the party seeking attorney's fees—which was indeed completed by the party's own attorney—was specifically challenged. Our holding in that case did not extend to the scenario in which neither the reasonableness of the fees nor the propriety of the affidavit submitted by the party seeking fees is challenged, as was the case here.

-7-

calculating an award of attorney's fees, the hearing justice was forced to make do with what he had—which were billing records that, in his words, "d[id] not even begin to approach a diligent accounting of the hours spent on the anti-SLAPP appeal" and from which he could not "distinguish work performed on anti-SLAPP issues [from] time dedicated to other matters." Sisto v. America Condominium Association, Inc., 2015 WL1620069 * 3 (R.I. Super. April 8, 2015). In view of the records submitted by defendants, we cannot say that the trial justice abused his discretion in making this reduction. See Codex Corp. v. Milgo Electronic Corp., 717 F.2d 622, 632 (1st Cir. 1983) (holding that it was not an abuse of discretion for the district court to reduce an award of attorney's fees where the submissions were "inadequate"); see also Role Models America, Inc. v. Brownlee, 353 F.3d 962, 973 (D.C. Cir. 2004) (allowing reimbursement for only 50 percent of attorney's fees in light of the party's "inadequate documentation, failure to justify the number of hours sought, inconsistencies, and improper billing entries").

The hearing justice then increased the already-reduced fee by 5 percent based on the complexity of the anti-SLAPP claim (relying largely on the fact that there was a dissent in Sisto as to that issue) to reach a final award of $8,924.60. We see no abuse of discretion with this determination, either. See Cohen v. West Haven Board of Police Commissioners, 638 F.2d 496, 505 (2d Cir. 1980) ("the court may adjust the lodestar figure upward or downward to take account of such factors as the * * * complexity of the litigation").

Given the record he was presented with and the protracted nature of this case, it is our opinion that the hearing justice issued a particularly comprehensive and well-thought-out thirteen-page decision explaining his case-specific reasoning for arriving at his final award of attorney's fees. As such, we cannot say he abused his discretion in doing so. However, we must

caution that, in the future, we will require more meticulous recordkeeping by attorneys seeking an award of fees—our tolerance today is limited to the circumstances of this case.

## IV

## Conclusion

For the aforementioned reasons, we affirm the judgment of the Superior Court. The papers in this case shall be returned to that court.

Chief Justice Suttell did not participate.


**Justice Goldberg, dissenting**. I respectfully dissent. This is chapter two of what I consider to be an abuse of a citizen's right to access our courts, particularly the Supreme Court. After this Court's decision in the underlying case, Sisto v. America Condominium Association, Inc., 68 A.3d 603 (R.I. 2013) (Sisto I), the emboldened defendants submitted a request for attorney's fees to the Superior Court for a whopping $152,122.55. No explanation has been provided for this exorbitant request that subsequently was reduced to $29,748.65, again without explication. No contemporaneous billing records reflecting the actual time spent on this discrete issue exist. No disinterested attorney testified by affidavit that the submission was, in his or her opinion, a reasonable attorney's fee request. Indeed, the only attorney who so opined was the attorney requesting the fee, a circumstance overlooked by the trial justice. Cf. Colonial Plumbing & Heating Supply Co. v. Contemporary Construction Co., 464 A.2d 741, 744 (R.I. 1983) (declaring that, for the explicit purpose of providing a record upon which this Court may review the propriety of the fee award, "affidavits or testimony establishing the criteria on which a fee award is to be based should be required"); Kenney v. Hickey, 486 A.2d 1079, 1084 (R.I. 1985) (vacating fee for guardian ad litem based on the failure of the Family Court to follow the majority rule set forth in Colonial Plumbing, 464 A.2d at 744, and requiring expert testimony on

the question of the reasonableness of an award of attorney's fees). In <u>Sisto I</u>, the defendants' Supreme Court brief for the anti-SLAPP issue consists of a scant nine pages and does not concern a novel or difficult issue of law.

In this case, it was impossible for the trial court, or anyone else for that matter, to determine the lodestar for this extraordinary demand. It is well settled that "[t]he starting point or 'lodestar' for determining the reasonableness of a fee is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" <u>In re Schiff</u>, 684 A.2d 1126, 1131 (R.I. 1996) (quoting <u>Pontarelli v. Stone</u>, 781 F. Supp. 114, 120 (D.R.I. 1992) (attached as an appendix to <u>In re Schiff</u>) and <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)). This is the guiding light for fee-shifting jurisprudence. Its absence in this case was excused by the trial justice and, sadly, again by this Court. Indeed, the trial justice found that "[t]he billing records here do not even begin to approach a diligent accounting of the hours spent on the anti-SLAPP appeal." The trial justice declared that he could not,

> "by review of these records, both redacted and unredacted, distinguish between work performed on anti-SLAPP issues and that time dedicated to other matters. * * * For example, it is impossible to determine how the seven hours spent 'draft[ing the] appellate brief' on November 1, 2012 was divided between the two issues."

The trial justice also lamented that there was only vague mention of correspondences with clients, appellate strategy, oral-argument preparation, and brief drafting in the billing records. The submission included fees for "countless phone conversations regarding the 'status of [the] appeal' with each individual board member" that the trial justice found to "provide little insight to the [c]ourt as to whether such phone calls were necessary or simply duplicative."

Further, "there was no attempt to abate billing entries that encompassed both fee-eligible and non-fee-eligible work." In the face of these glaring deficiencies, the fee request should have been denied, and this Court should so hold.

Additionally, the trial justice found that the fee request included work done on the declaratory-judgment appeal—which is forbidden—and he rejected counsel's affidavit testimony that the requested fees did not include matters that were exclusively related to the declaratory-judgment action.

In my opinion, these damning findings should have ended this unfortunate episode, and the request for fees should have been denied. And this Court should so hold. The trial justice, however, proceeded to attempt to "separate the wheat from the chaff in calculating a reasonable award." Rather than carefully sifting through these unpalatable ingredients, he simply performed a mathematical exercise and culled out 70 percent of the request.[8] The trial justice failed to set forth his reasoning for awarding 30 percent of the request in the face of what the trial justice acknowledged was inadequate documentation, a failure to justify the number of hours sought, inconsistencies, and improper billing entries. In my opinion, this is an abuse of discretion and an unjust result. The trial justice, on the basis of the request and the affidavit of counsel, should have concluded, as do I, that this request shocks the conscience of the Court to such a degree that fees should be denied. See Schiff, 684 A.2d at 1136.

Finally, I pause to note that this is not the only decision this term by this Court concerning an award of award attorney's fees. In Tri-Town Construction Co. v. Commerce Park

---

[8] The trial justice first reduced the fee by 75 percent "to account for the relative apportionment between the reasonable time necessary to prepare the anti-SLAPP and declaratory[-]judgment matters" and then "increase[d] the already-reduced fee award by [five percent] to reach a lodestar of $8[,]924.60"—resulting in an award of 30 percent of the amount most recently requested.

Associates 12, LLC, No. 2015-22-A, No. 2015-146-A, slip op. at 18-19 (R.I., filed June 22, 2016), this Court reiterated the mandatory nature of our holding in Colonial Plumbing—that affidavits or testimony of expert witnesses "must be from counsel who is a member of the Rhode Island Bar and who is not representing the parties to the action in which fees are sought." Tri-Town Construction Co., slip op. at 18. Although this precise challenge was not made in the case before us, the record before this Court, in my opinion, is replete with such shockingly egregious deficiencies that the award constitutes an abuse of discretion. In Tri-Town Construction Co., we unequivocally rejected the use of "affidavits and documents provided to the court by interested parties." Id. at 19. We also held that, "[a]lthough the standard of review of an order awarding attorney's fees is [an] abuse of discretion, we are of the opinion that this discretion can only be exercised after competent evidence from independent counsel has been admitted." Id. at 18-19 (emphasis added). In the case before us, we are doing just that—declaring that the trial justice did not abuse his discretion based on "the record he was presented with and the protracted nature of this case." This is error. This error is compounded by our further justification that, "in the future, we will require more meticulous recordkeeping by attorneys seeking an award of fees— our tolerance today is limited to the circumstances of this case." I am not on board.

**The Denial of Access to the Courts**

My second concern in this case echoes that of my original dissent: that admittedly false letters sent to the Coastal Resources Management Council by counsel for the defendants and by an individual board member, declaring that Sisto did not own the property upon which he sought to expand his unit, were not "directed at petition or free speech," a required finding to trigger the anti-SLAPP protections of the statute. G.L. 1956 § 9-33-2(a). Although the plaintiff had every right to appeal from the original finding that his complaint violated the anti-SLAPP statute and

- 12 -

certainly presented this Court with a justiciable controversy, he did so at the risk of an additional adverse attorney's fee award—that is more than the original attorney's fee. This is unjust. The result today is emblematic of the very harm I alluded to in my dissenting opinion in <u>Sisto I</u>, 68 A.3d at 618, 620: the denial of access to our courts. It is the responsibility of this Court to guard against infringement of the rights of citizens to turn to the judiciary for resolution of their disputes. This is the essence of petitioning activity that ought to be paramount in this case. Consequently, I respectfully dissent.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Bennie Sisto, as the Trustee of Goat Island Realty Trust v. America Condominium Association, Inc., et al.

**CASE NO:**  No. 2015-181-Appeal.
(NC 08-1119)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  June 29, 2016

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**  Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Edward C. Clifton

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Robert D. Wieck, Esq.

For Defendants:  Robert C. Shindell, Esq.
C. Alexander Chiulli, Esq.
Edmund A. Allcock, Esq.