**Jean SWAILS, Plaintiff,**

v.

**SERVICE CONTAINER CORPO-
RATION, Defendant.**

**No. 75-0293-D Civil.**

United States District Court,
W. D. Oklahoma.

Sept. 10, 1975.

Grover Miskovsky, Oklahoma City, Okl., for plaintiff.

Harley E. Venters, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

In this Civil Rights case the form and content of the so-called "right to sue" letter issued by the Equal Employment Opportunity Commission (EEOC) in conjunction with complaints filed with it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., are at issue.

█ Plaintiff filed her Complaint herein on April 9, 1975. She charges Defendant with various acts of sex discrimination in employment in violation of 42 U.S.C. § 2000e et seq. Defendant has filed, in response to the Complaint, a Motion To Dismiss for lack of jurisdiction in which it asserts that Plaintiff's Complaint is out of time as it was filed more than 90 days after receipt by Plaintiff of Notice from the EEOC that its conciliation efforts with the Defendant had failed.[1] Plaintiff opposes the Motion on the grounds that certain letters which she received from the EEOC did not constitute statutory notice.

On June 13, 1973[2] Plaintiff filed a charge of discrimination with the EEOC. Subsequently, the EEOC sent Plaintiff a letter, dated September 5, 1974, notifying her that conciliation efforts with Defendant had failed and stating that conciliation efforts would not be resumed unless she specifically requested resumption. Thereafter, the EEOC sent Plaintiff a letter dated September 30, 1974, the body of which is as follows:

"This is to notify you that voluntary compliance efforts have not been successful in the above reference case. In accordance with Section 706(f) (1) of Title VII of the Civil Rights Act of 1964, as amended, you are also hereby notified that you may, within ninety (90) days of receipt of a ninety (90) day notice of right to sue, institute a civil action in the appropriate Federal District Court.

If you so decide, please send a written request for a notice of right to sue to our office at the above address.

For your use in contacting an attorney of your choice, we are enclosing the following material:

(a) A copy of the charge.

(b) A copy of the Commissioner's determination of reasonable cause.

If you need any assistance in this matter, please contact the Albuqu-

---

1. Defendant's Motion is ostensibly a Rule 12(b) (1), Federal Rules of Civil Procedure, Motion to Dismiss for lack of jurisdiction. It is well settled that a Movant may submit affidavits and other materials outside the pleadings in support of a 12(b) (1) Motion to Dismiss, and, if not otherwise proscribed by statute, the procedure to be followed by a trial court in determining its jurisdiction is in the discretion of the Court. *Tanzymore v. Bethlehem Steel Corporation*, 457 F.2d 1320

(Third Cir. 1972); *Brooks v. Brinegar*, 391 F.Supp. 710 (W.D.Okl.1974). Accordingly, the Court will consider two letters from the EEOC to the Plaintiff which Defendant has attached to its Motion. Plaintiff has acknowledged the authenticity of these letters in her brief in opposition to Defendant's Motion.

2. This date is given as June 20, 1973 in Plaintiff's Brief.

erque District Office at area code (505) 766–2061."

On October 19, 1974, Plaintiff retained her counsel and presented the above letters to him. In November, 1974 and again on January 25, 1975 Plaintiff's Counsel requested a formal "right to sue" letter from the EEOC. The EEOC requested that Plaintiff refrain from filing her action until it had filed an action involving the same Defendant. On March 19, 1975 the EEOC filed its Complaint against the Defendant and on April 9, 1975 Plaintiff filed her Complaint.

■ 42 U.S.C. § 2000e–5(f) (1) reads in pertinent part as follows:

" . . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, *or* if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . *or* the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . ." (Emphasis added.)

It is well settled that the requirement of filing a civil action within ninety days of receipt of notice of right to sue from the Commission is jurisdictional. *Beverly v. Lone Star Lead Const. Corp.,* 437 F.2d 1136 (Fifth Cir. 1971); *Harris v. National Tea Company,* 454 F.2d 307

(Seventh Cir. 1971); *Goodman v. City Products Corp., Ben Franklin Div.,* 425 F.2d 702 (Sixth Cir. 1970); *Stebbins v. Nationwide Mutual Insurance Company,* 469 F.2d 268 (Fourth Cir. 1972); *Archuleta v. Duffy's Inc.,* 471 F.2d 33 (Tenth Cir. 1973). Plaintiff does not dispute this. Instead she argues that the letters of September 5, 1974 and September 30, 1974 which she received from the Commission do not constitute notice of right to sue. It is her position that the letter of September 30 does not constitute statutory notice as it makes no mention of suit consideration by the Commission and because it is not a formal "right to sue" letter. These arguments are not well taken.

■■ Under 42 U.S.C. § 2000e–5(f) (1) there are three conditions upon the occurrence, or nonoccurrence, of which the Commission shall notify the aggrieved person and notice of which begins the running of the limitations period. They are: 1) dismissal of a charge by the Commission, 2) the failure of the Commission to file a civil action within one hundred and eighty days of the filing of a charge or the expiration of time periods designated in 42 U.S.C. § 2000e–5(c) or (d), or 3) if within the designated periods the Commission has failed to enter into a conciliation agreement to which the aggrieved person is party. These words are connected by the disjunctive "or", thus the satisfaction of any one of the conditions is sufficient, upon notice thereof to the aggrieved person, to trigger the running of the limitations period. Clearly, under the wording of the statute, notice of failure to reach a conciliation agreement is sufficient alone to trigger the limitations period and there is no additional requirement of notice of failure to file a civil action.[3]

3. The result would probably be different if the notice of failure to conciliate was sent to the aggrieved person less than one hundred and eighty days after the filing of the complaint with the Commission. However, this is not the case here as the original complaint was filed with the Commission on June 13, 1973, more than 365 days before September 1974.

██ Under the terms of the statute there is no requirement of a formal right to sue letter. This is a bureaucratic innovation. In *Jefferson v. Peerless Pumps Hydro., Div. of FMC Corp.*, 456 F.2d 1359 (Ninth Cir. 1972) the Court stated:

". . . (t)he statute requires only that the EEOC be 'unable' to obtain compliance, that the grievant be notified, and that he sue within thirty days [4] of notification . . ."

In *Cunningham v. Litton Industries*, 413 F.2d 887 (Ninth Cir. 1969) the Court stated:

". . . (w)e hold that the 30 day [4] period within which suit may be filed in federal district court begins to run when the aggrieved party receives notice of failure to effect voluntary compliance from the EEOC, . . ."

And in *Beverly v. Lone Star Lead Const. Corp., surpa,* the Court stated:

". . . the tenor of the cases has established only two jurisdictional prerequisites to suit in federal court under Title VII: (1) the filing of a complaint with the EEOC and (2) the receipt of the statutory notice of right to sue. Early formation of the latter requirement used the following language: 'he must receive statutory notice from the EEOC that it has been unable to obtain voluntary compliance' . . ."

Thus, it is clear that the letter of September 30, 1974, which Plaintiff has acknowledged receipt of at some time before October 19, 1974 constitutes statutory notice. There is no requirement for any other notice from the EEOC.

### TOLLING

Plaintiff does not contend that the 90 day filing period provided by 42 U.S.C. § 2000e-5(f) (1) should be tolled by reason of the misleading nature of the communications mailed to her by the EEOC, or the request by the EEOC that she not bring her action until it had filed its action. Nevertheless, it would seem that these would be the strongest arguments which could be advanced by the Plaintiff.

██ Unless tolled on recognized equitable grounds the time limit for filing a private civil action set out in 42 U.S.C. § 2000e-5(f)(1) must be complied with. *Stebbins v. Nationwide Mutual Insurance Company*, 469 F.2d 268 (Fourth Cir. 1972). See also *Goodman v. City Products Corp., Ben Franklin Div., supra.* None of the traditional equitable grounds for tolling a statute of limitations: disability, fraudulent concealment, evasion of process, etc. appears to be present herein. As a general rule, in the case of a statutorily created right, a limitation period will be tolled in a given situation if the Congressional purpose behind the legislation will thereby be effected. In order to determine the Congressional intent the purposes and policies underlying the limitation period, the act itself, and the remedial scheme developed for the enforcement of the rights given by the act must be examined. *Midstate Horticultural Co. v. Pennsylvania R. Co.,* 320 U.S. 356, 64 S. Ct. 128, 88 L.Ed. 96, (1943); *Burnett v. New York Cent. R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L. Ed.2d 713 (1974). The Court finds no Congressional expression as to the policy behind the 90 day (originally 30 day, amended in 1972) filing period. However, House Report 914, U.S. Code Congressional and Administrative News, 88th Congress, Second Session, 1964, Vol. 2, p. 2401 reads in part as follows:

"Title VII—Equal Employment Opportunity Background And Purpose

The purpose of this title is to eliminate, through the utilization of formal and informal remedial procedures, discrimination in employment based on race, color, religion, or national origin. The title authorizes the establishment

---

4. Now ninety (90) days.

of a Federal Equal Employment Opportunity Commission and delegates to it the primary responsibility for preventing and eliminating unlawful employment practices as defined in the title."

Thus, it is seen that the Congress intended that the EEOC be the primary arm in its efforts to eliminate discrimination and that the EEOC's efforts be supplemented by private civil actions. In the "Legislative History" P.L. 92–261 (pertaining to the 1972 Amendments to Title VII), U.S. Code Congressional and Administrative News, 92nd Congress, Second Session, 1972, pp. 2143–2148, the Congress again indicates an intent that the Act be administered primarily through the EEOC and supplemented by private civil actions. It does not appear that the Congressional intent of primary enforcement through the EEOC would be effectuated through the tolling of the 90 day limitations period in this case.

Moreover, with regard to the 90 (formerly 30) day limitation period, the following language from *Kavanagh v. Noble,* 332 U.S. 535, 68 S.Ct. 235, 92 L. Ed. 150 (1947), a tax case, has twice been cited with approval:

"  .   .   .   Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. *Rosenman v. United States,* 323 U.S. 658, 661, 65 S.Ct. 536, 538, 89 L.Ed. 535. Remedies for resulting inequities are to be provided by Congress, not the courts."

*Goodman v. City Products Corp., Ben Franklin Div., supra; Harris v. National Tea Company, supra.*

The Court concludes that the applicable 90 day limitation period should not be tolled under the circumstances of this case. The Court recognizes that the letter of September 30 mailed to Plaintiff by the EEOC is ambiguous and misleading. However, that letter did contain the statutory notice of right to sue in that it informed Plaintiff that voluntary conciliation efforts had failed. 42 U.S. C. § 2000e–5(f) requires no more notice than this. Moreover, this decision does not deprive Plaintiff of a remedy for any wrong suffered by her. The EEOC has filed in this Court an action involving essentially the same facts as are involved herein. Relegating Plaintiff to the remedy which she may obtain through the EEOC action is not inconsistent with the Congressional intention that the EEOC be the primary enforcement agency under Title VII.

In view of the above discussion, the Court finds and concludes that this action should be dismissed for lack of jurisdiction.