**REVLON, INC., a Delaware corporation, Plaintiff,**

v.

**CARSON PRODUCTS CO., a Georgia corporation, Defendant.**

No. 82 Civ. 4326 (IBC).

United States District Court, S.D. New York.

May 29, 1985.

Wigman & Cohen, P.C., Arlington, Va., and Cooper, Dunham, Clark, Griffin & Moran, New York City, for plaintiff; Herbert Cohen, George C. Myers, Jr., Arlington, Va., and Gerald W. Griffin, Thomas Carulli, New York City, of counsel.

Wyatt, Gerber, Shoup, Scopey & Badie, New York City, for defendant; Gerard F. Dunne, New York City, William N. Needle, Lawrence K. Nodine, Atlanta, Ga., of counsel.

IRVING BEN COOPER, District Judge.

By opinion dated January 30, 1985 we granted, *inter alia*, an award of attorney fees in favor of plaintiff pursuant to 35 U.S.C. § 285 and directed the parties to endeavor to agree on the amount. The parties were unsuccessful in their attempts to accomplish this. Plaintiff now brings this application to recover its fees. On the same date (March 21, 1985) that Revlon filed its Reply to Defendant's Opposition to Plaintiff's Application, Revlon also filed a motion to quash a subpoena duces tecum issued by defendant to Ernest B. Lipscomb III, Esq., in-house counsel for plaintiff. We proceed to examine both applications.

Plaintiff contends that it is entitled to $639,838.44, broken down as follows:

| | |
|---|---|
| Outside counsel fees of Wigman & Cohen, Esqs., counsel in Arlington, Va. | $463,301.25 |
| Outside counsel fees of Cooper, Dunham, Clark, Griffin & Moran, Esqs., counsel in New York | 18,707.55 |
| In-house counsel fees | 59,843.75 |
| Related litigation expenses | 97,985.89 |
| TOTAL: | $639,838.44 |

Defendant raises no specific objection to the first two categories of fees, but requests a reasonable period of time to investigate these claims by discovery and a hearing before us to consider the reasonableness of the claims. Further, defendant firmly resists in-house counsel fees and related litigation expenses.

**364**

### I. *Outside Counsel Fees*

■ Outside counsel for plaintiff has submitted copies of bills sent to its client, Revlon, during the period September 17, 1980 to April 30, 1984. The bills list the services rendered by counsel together with fees and expenses. However, not presented to us are time sheets of individual attorneys listing the name of the attorney, the specific activity performed and the hours expended on it. It is well-settled that "reasonable" attorney fees do not include, for instance, costs for duplication of work, reading prior unrelated decisions by the trial judge, or extra costs incurred because the office of counsel was located out of state. *Thermovac Industries Corp. v. The Virtis Co., Inc.,* 159 U.S.P.Q. 349, 354–55 (S.D.N.Y.1968); *see Arbrook, Inc. v. American Hospital Supply Corp.,* 202 U.S.P.Q. 685 (N.D.Tex.1979). The extremely limited amount of material presented to us does not disclose sufficient information enabling us to determine whether the requested fee is reasonable. Furthermore, plaintiff's failure to submit this significantly vital material has completely stifled defendant's ability to either accept as reasonable the figure sought by Revlon for outside counsel or to point out to the Court the reasons defendant believes it unreasonable. Consequently, we direct plaintiff to submit this material in detail to defendant, and accordingly grant defendant's request (we find it duly made) for a "reasonable period of time to investigate Revlon's claims by discovery" (Defendant's Opposition to Revlon's Application for Attorney's Fees, at 3). All discovery on this question must be completed within 60 days of the date of filing of this order.

### II. *In-House Counsel Fees*

The Federal Circuit Court of Appeals has stated:

The purpose of § 285 is, in a proper case and in the discretion of the trial judge, to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit. *Codex Corp. v. Milgo Electronic Corp.,* 541 F.Supp. 1198,

1201, 217 U.S.P.Q. 878, 879 (D.Mass. 1982) ("The compensatory purpose of § 285 is best served if the prevailing party is allowed to recover his reasonable expenses in prosecuting the entire action.") We interpret attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit. . . .

*Central Soya Co., Inc. v. Geo. A. Hormel & Co.,* 723 F.2d 1573, 1578 (Fed.Cir.1983). The question which now confronts us is whether compensation for the prevailing party's in-house counsel is a reasonable expense under section 285.

Our efforts have revealed only one case (arising under the patent law) in which compensation for in-house counsel has been addressed. In *Scott Paper Co. et al. v. Moore Business Forms, Inc.,* 404 F.Supp. 835 (D.Del. Oct. 2, 1984) (Exhibit F in Plaintiff's Application for Award of Attorney Fees), the Court found that an award of fees for in-house counsel was included in the meaning of "reasonable attorney fees." In so deciding, the Court quoted the following language from *Textor v. Board of Regents of Northern Illinois University,* 711 F.2d 1387, 1397 (7th Cir.1983), where in-house counsel fees were awarded under Fed.R.Civ.P. 37:

A more realistic assessment of the situation would indicate that for every hour in-house counsel spent on this case defendants lost an hour of legal services that could have been spent on other matters. The value to defendant of this lost time is, of course, the amount it would require additional counsel to do the neglected work. Whether defendants actually hired additional counsel or went without legal advice on some matters is irrelevant as the value of the loss is the same. An award of reasonable fees will compensate defendants for this loss.

*Scott Paper Co., supra,* slip op. at 3.

Applying similar reasoning, the Third Circuit Court of Appeals in an insurance contract case awarded reasonable fees for in-house counsel. The Court found that if

in-house counsel had refrained from activity, the workload and fee of the outside counsel would have increased, and "[t]here is no reason in law or in equity why the insurer should benefit from [the prevailing party's] choice to proceed with some of the work through its own legal department." *Pittsburgh Plate Glass Co. v. Fidelity & Casualty Co. of New York*, 281 F.2d 538, 542 (3d Cir.1960); *see Johnston v. Detroit Hoist & Crane Co.*, 142 Mich.App. 597, 600, 370 N.W.2d 1 (Mich.Ct. of Appeals 1985) (reasonable salary of in-house counsel attributable to work performed in products liability case may be awarded).

█ Our opinion is in accord with courts finding in-house counsel fees recoverable by a prevailing party. Indeed, we note that in his Affidavit (verified February 27, 1985) ("Affidavit"), Ernest B. Lipscomb III, Esq., Revlon's in-house counsel, states: "Had I not been so actively involved [in this litigation] ... I would have been able to devote my time to other matters, which I could not do..." (at 4–5). However, it is essential, as section 285 clearly states, that only *reasonable* fees be awarded. We agree with defendant that reasonable fees do not include the hours in-house counsel spent acting as a liaison between the client and outside counsel. *See Burger King Corp. v. Mason*, 710 F.2d 1480, 1498 (11th Cir.1983).

█ We are of the opinion that defendant should have the opportunity to determine both the time actually spent by Mr. Lipscomb on the case (which Mr. Lipscomb frankly states he cannot ascertain precisely) (Affidavit at 4), and whether Mr. Lipscomb properly segregated his client/liaison time from time spent as litigator. Accordingly, we hold that defendant may conduct discovery on these issues—to be completed within 60 days from the filing of this order.

█ In its pursuit of answers to these questions, defendant served a deposition subpoena on Mr. Lipscomb (Exhibit A attached to Defendant's Opposition to Revlon's Application for Attorney's Fees) which plaintiff moves to quash. The subpoena commanded Mr. Lipscomb to bring with him, *inter alia*, all opinions he prepared for Revlon regarding this suit; all documents he prepared encompassing his suggestions to persons at Revlon; his diary and other ancillary documents used to ascertain the number of hours he worked on this case; and documents reflecting completely the actual compensation paid to Mr. Lipscomb by Revlon from 1979 to date.

We find that the first two categories of services rendered that Mr. Lipscomb was commanded to bring violate Fed.R.Civ.P. 26(b)(3) in that they require disclosure of "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." We disagree with defendant's argument that Mr. Lipscomb has waived this privilege by voluntarily referring to these opinions and suggestions in his Affidavit sworn to on February 27, 1985 where he stated:

> I have extensively studied the prior art and the file histories of the patents in suit, prepared opinions for Revlon management, and worked closely with trial counsel at depositions and at trial. I have answered or obtained answers to discovery interrogatories from Carson, reviewed briefs and made suggestions, discussed strategy, attended to gathering and reviewing documents requested by Carson and interviewed witnesses for deposition and trial purposes.

In short, Mr. Lipscomb merely submitted a list of his activities; he did not divulge or allude to the substance of any of them. Consequently, Mr. Lipscomb's statement did not waive his attorney/client privilege as to the substance of the activities called for by the list, *cf. Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 929 (N.D. Cal.1976) (voluntary disclosure of part of substance of privileged communication waives remainder of privileged communication about same subject), and we find that plaintiff is not required to bring with him to his deposition the first two items set out on the subpoena duces tecum.

■ With regard to the third item, *i.e.,* Mr. Lipscomb's diary and other ancillary documents used to determine the number of hours he worked on the case, plaintiff claims no privilege but argues that this information is private. In response, defendant offers to abide by the Protective Order previously entered in this case and to mark Mr. Lipscomb's comments contained in these documents that are unrelated to this litigation "CONFIDENTIAL—ATTORNEYS ONLY."

We believe disclosure of this information is vital to defendant and unprotected by any legal privilege. Thus, defendant is entitled to this discovery. Further, we agree that such materials should be marked as defendant suggests, each subject to the Protective Order.

■ Finally, plaintiff argues that the fourth item which the subpoena demands Mr. Lipscomb produce—documents prepared in 1979 reflecting his actual compensation—extends too far back in time. In Defendant's Reply to Revlon's Motion to Quash the Subpoena, defendant consents to limit its request to the period covered by its claim for attorney fees. The production of these documents goes to defendant's contention that payment of in-house counsel fees may not exceed the actual cost to Revlon lest plaintiff profit from the practice of law and violate Canon 3 of the Code of Professional Responsibility which in essence prohibits a lawyer from aiding a non-lawyer in the unauthorized practice of law.

To arrive at and advance before us its estimate of "reasonable" fees, defendant is entitled to see documents reflecting Mr. Lipscomb's compensation during the period covered by the claim for attorney fees. Accordingly, Mr. Lipscomb is directed to bring to his deposition documents reflecting his actual compensation during the time period covered by the claim for attorney fees.

### III. *Related Litigation Expenses*

■ As we have already noted, the purpose of section 285 is, in the discretion of the trial judge, to compensate the prevailing party for its outlay of monies during the course of the suit. *See Central Soya Co., supra,* at 1578; *Codex Corp., supra,* at 1201. Indeed, the Federal Circuit Court of Appeals has recently and specifically stated that "section 285 also permits the prevailing party to recover disbursements that were necessary for the case." *Lam, Inc. v. Johns-Manville Corp.,* 718 F.2d 1056, 1069 (Fed.Cir.1983). Accordingly, we are compelled to grant plaintiff's application for related litigation expenses to the extent that such expenses were necessary. During the course of its discovery period, defendant may pursue this point.

### Conclusion

Plaintiff is entitled to recover attorney fees pursuant to 35 U.S.C. § 285 for reasonable outside counsel and in-house counsel fees and for necessary disbursements. In order for us to be presented with the full detailed scope of information, we believe it necessary to allow defendant time to conduct discovery and in that manner examine plaintiff's determinations—all discovery to be completed within 60 days from the filing of this order. Further, plaintiff's motion to quash defendant's subpoena is denied to the extent set forth hereinabove.

After discovery has been completed and both sides are fully familiar with their respective positions, we again urge the parties to get together and attempt to arrive at an agreed fee. If they are unable to do so, we order that they submit renewed and updated applications for fees within 90 days from the filing of this order. Upon receipt of these applications and request by either side, a date will be set for an evidentiary hearing so that we may decide "the extent and nature of the services rendered," *Perkins v. Standard Oil Co. of California,* 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534 (1970), in order to ascertain the total amount due plaintiff. *See Marable v. Walker,* 704 F.2d 1219, 1222 (11th Cir.1983); *King v. McCord,* 621 F.2d 205, 206 (5th Cir.1980). It might well prove to be the better part of wisdom that such a hearing embrace each and every

part of the total "reasonable" fee requested.

SO ORDERED.