**REVLON, INC., etc.,**
**Appellee/Cross-Appellant,**

v.

**CARSON PRODUCTS CO., etc.,**
**Appellant/Cross-Appellee.**

**Appeal Nos. 85–2823, 86–537.**

United States Court of Appeals,
Federal Circuit.

Oct. 8, 1986.[*]

Certiorari Denied Dec. 15, 1986.
See 107 S.Ct. 671.

---

* This opinion was originally issued as an unpublished opinion on June 30, 1986, and is being published on motion by appellee/cross-

appellant. Since published opinions are precedent and bind this court, changes were made for clarification purposes.

Thomas J. MacPeak and Sheldon I. Landsman, Sughrue, Mion, Zinn, MacPeak and Seas, Washington, D.C., argued for appellant/cross-appellee.

Herbert Cohen, Wigman and Cohen, P.C., Arlington, Va., argued for appellee/cross-appellant. With him on the brief was George C. Myers, Jr.

Before SMITH, Circuit Judge, SKELTON, Senior Circuit Judge and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

The portion of the judgment of Senior Judge Cooper from the U.S. District Court for the Southern District of New York, reported at 602 F.Supp. 1071 (S.D.N.Y. 1985), holding U.S. Patents No. 4,304,244 ('244) and No. 4,373,540 ('540) invalid under 35 U.S.C. § 103 is affirmed. That portion of the judgment holding this issue to be exceptional within the meaning of 35 U.S.C. § 285 and awarding attorney fees and costs to *Revlon*, 622 F.Supp. 362, is reversed.

## *Background*

These appeals arise from an action brought by Revlon, Inc. (Revlon) against Carson Products Co. (Carson) in the U.S. District Court for the Southern District of New York under the Declaratory Judgment

**678**

Act, 28 U.S.C. § 2201, for a declaration of invalidity, unenforceability and non-infringement of Carson's '244 and '540 patents (patents in suit). Revlon filed an amended complaint seeking a declaration of invalidity, unenforceability and non-infringement of Carson's U.S. Patent No. 4,324,263 ('263). Carson denied invalidity, unenforceability and counterclaimed for infringement of the '244 and '540 patents.

Upon Carson's motion, the '263 patent was dismissed from the action on grounds of lack of justiciable controversy. Judge Cooper held the patents in suit invalid under 35 U.S.C. §§ 102 and 103 as anticipated by or obvious in view of the *Moore*[1] article, sales of Carson's Gold Magic product, and U.S. Patents No. 3,908,672 and No. 3,971,-391 (L'Oreal patents). Judge Cooper found that no patent misuse occurred and no inequitable conduct occurred before the U.S. Patent and Trademark Office (PTO) during the prosecution of the '244 and '540 patents. Judge Cooper did find the case "exceptional" within the meaning of 35 U.S.C. § 285 based on Carson's "fail[ure] on a number of occasions to act in good faith toward the PTO." *Revlon*, 602 F.Supp. at 1107. Revlon was awarded attorney fees and costs.

Carson appeals the sections 102 and 103 invalidity and noninfringement determinations as well as the awarding to Revlon attorney fees and costs. Revlon appeals the inequitable conduct and patent misuse determinations, and the dismissal of the '263 patent from the suit. Additionally, Revlon appeals the trial judge's failure to admit portions of Carson's corresponding Canadian patent application into evidence, to hold the patents in suit invalid under § 112 and failure to hold the patents in suit anticipated by British Patent No. 636,181 (Demuth). We address only the dispositive issues: obviousness, inequitable conduct, dismissal of the '263 patent claims, and the awarding of attorney fees and costs.

### Obviousness

■ Since resolution of the obviousness/nonobviousness issue is dispositive of

the validity and infringement questions, we address it first. Obviousness is a legal conclusion based on the factual inquiries mandated in *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1535, 218 USPQ 871, 876 (Fed.Cir.1983). Under rule 52(a), Federal Rules of Civil Procedure, our review of the findings underlying the conclusion on obviousness is limited to determining whether they were clearly erroneous in light of the record as a whole. Judge Cooper provided a detailed analysis of the scope and content of the prior art, the level of ordinary skill, the differences between the art and the claimed invention as well as the impact of the secondary considerations on the conclusion of obviousness/nonobviousness. We find no clear error.

■ While Judge Cooper did not articulate his analysis with minute delineation of each claim limitation, there is sufficient articulation in his findings to illustrate a clear understanding of the claimed invention and to permit review. Carson fails to identify clear error in these findings and merely asks this court to reweigh the evidence in order to make findings different from those found by Judge Cooper—a task this court will not perform. "Determining the weight and credibility of the evidence is the special province of the trier of fact." *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 856, 102 S.Ct. 2182, 2189–90, 72 L.Ed.2d 606 (1982). Carson further argues that the *Moore* article is unavailable as a prior art reference because its disclosures are in a nonanalogous art. We find this position meritless. There is ample competent evidence in the record to support Judge Cooper's finding that *Moore's* discussion of dehairing animal hides was reasonably pertinent to human hair treatments and was within the field of the inventor's endeavor. *Stratoflex*, 713 F.2d at 1535, 218 USPQ at 876. Carson further argues that admission of the Eier-

1. E.K. Moore, 28 J. Amer. Leather Chemists Assn. 245 (1983) (*Moore*).

mann affidavit used in a district court proceeding against the Food and Drug Administration amounts to reversible error. We disagree. Regardless of whether the Eiermann affidavit was properly admitted, there is competent evidence in the record describing the difference between dehairing, depilation and relaxation and the content of the *Moore* teachings. Consequently, any error in admitting this evidence at trial is harmless.

### Inequitable Conduct

In *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350, 220 USPQ 763 (Fed.Cir.), *cert. denied,* 469 U.S. 821, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984), this court articulated a balancing test for determining whether conduct during prosecution of a patent application renders the resulting patent unenforceable. In balancing the materiality of the withheld prior art against the level of intent with which the prior art was withheld from the Patent and Trademark office (PTO), this court stated:

> [W]here an objective "but for" inquiry is satisfied under the appropriate standard of proof, and although one is not necessarily grossly negligent in failing to anticipate judicial resolution of validity, a lesser showing of facts from which intent can be inferred may be sufficient to justify holding the patent invalid or unenforceable, in whole or in part. Conversely, where it is demonstrated that a reasonable examiner would merely have considered particular information to be important but not crucial to his decision not to reject, a showing of facts which would indicate something more than gross negligence or recklessness may be required, and good faith judgment or honest mistake might well be a sufficient defense.

*Id.* at 1363, 220 USPQ at 773.

■ Judge Cooper considered each allegation of inequitable conduct before the PTO, including Carson's misrepresenting guanidine hydroxide's damaging effects on hair, misrepresenting the disclosures in U.S. Patents No. 3,154,470, No. 3,908,672 and No. 3,971,391, and failing to disclose to the PTO the February 23, 1979 affidavit by Eiermann or the *Moore* article. We see no error in the findings of materiality or intent to deceive, nor do we find error in the balance achieved by Judge Cooper. With regard to Revlon's patent misuse allegation, we find it meritless. No abuse of the PTO's continuation practice was found by the trial judge. Revlon's mere bald assertion of error without any articulation of either factual or legal error is a waste of this court's resources. On this issue Judge Cooper's findings are affirmed.

### Attorney Fees

■ We do find that Judge Cooper made clear error in finding this case "exceptional" within the meaning of 35 U.S.C. § 285. *See generally Reactive Metals and Alloys Corp. v. ESM, Inc.,* 769 F.2d 1578, 1582, 226 USPQ 821, 824 (Fed.Cir.1985). This court has stated that the trial judge may exercise his discretion to award attorney fees and costs because of inequitable conduct during prosecution of the patent or misconduct during litigation. *Bayer Aktiengesellschaft v. Duphar International Research B.V.,* 738 F.2d 1237, 1242, 222 USPQ 649, 652 (Fed.Cir.1984). Attorney fees are not to be routinely assessed against a losing party in litigation in order to avoid penalizing a party "for merely defending or prosecuting a lawsuit," *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967), and are awarded to avoid a gross injustice. *See generally, Rohm & Haas Co. v. Crystal Chemical Co.,* 736 F.2d 688, 222 USPQ 97 (Fed.Cir.1984).

■ Moreover, the existence of any bad faith during proceedings before the PTO failed to rise to the level of inequitable conduct. Under these circumstances, no gross injustice is prevented by ordering Carson to pay Revlon's attorney fees. Consequently, proper application of the law dictates that the award of attorney fees be reversed.

*The '263 Patent*

The decision dismissing Revlon's declaratory judgment action against the '263 patent is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.