**LIBERTY LEATHER PRODUCTS CO., INC., Plaintiff,**

v.

**VT INTERNATIONAL LTD., Defendant.**

No. 94 Civ. 7857 (CBM).

United States District Court, S.D. New York.

Jan. 2, 1996.

Ezra Sutton, P.A. by Ezra Sutton, Woodbridge, NJ, for plaintiff.

Schweitzer Cornman & Gross by Michael A. Cornman, New York City, for defendant.

## MEMORANDUM OPINION ON MOTION FOR ATTORNEY'S FEES

MOTLEY, District Judge.

Defendant's post-judgment motion for attorney's fees arises in the context of the instant patent infringement action. On July 27, 1995, this court granted defendant's motion for summary judgment, finding that the invention upon which the suit is based was "obvious, in light of the prior art, to a person having ordinary skill in the pertinent art."

*Liberty Leather Products, Inc. v. VT International Ltd.*, 894 F.Supp. 136, 137 (S.D.N.Y. 1995). Defendant has moved for attorney's fees under 35 U.S.C. § 285, arguing that the instant litigation is an "exceptional" case warranting such relief. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

The court assumes familiarity with the basic facts of the instant dispute which are set forth in the prior opinion in this case. 894 F.Supp. at 137–139. To summarize, plaintiff Liberty Leather Products Co., Inc. ("Leather") is the owner of United States Patent No. 5,291,976 (the "Leather Patent") which covers a hand-operated luggage cart (the "Leather Product").[1] By prior order, this court found for the defendant VT International Ltd. ("VT") on its motion for summary judgment, finding the Leather Product unpatentable because it would have been obvious to someone reasonably versed in the prior art at the time of the invention. 894 F.Supp. at 140–142.

The defendant now asks for attorney's fees in this action because, it is alleged, plaintiff's agents made knowingly false representations to the United States Patent Office when originally seeking the Office's approval for the patent at issue. Defendant argues that the following misstatements were made: 1) that plaintiff's agent had personally conducted a search, at the Office, concerning relevant similar patents; 2) that another patent (the "Mao Patent") did not show that the handtruck's cart was attached to the luggage component, an allegedly distinguishing feature of the Leather Product; 3) similarly, that the Mao Patent did not have a concealed compartment for the handle of the handtruck, another supposedly relevant feature of the Leather Product; and, 4) that another rele-

---

1. In the prior opinion in this case, the invention at issue here was described as follows:

    As described by Leather itself, the alleged invention is an improved wheeled suitcase and luggage support structure which includes (1) a rectangular frame with two horizontal and two vertical members; (2) wheels on the lower horizontal members; (3) a pull-up handle connected to the rectangular frame; and (4) a wedging member, preferably frustoconical in

shape, frictionally received in a bore which keeps the pull-up handle in a fully extended position. According to the Leather Patent, the suitcase can be attached to the rectangular frame either permanently by the use of screws or rivets to fasten the suitcase to the frame or temporarily by the use of straps or elastic cords to hold the suitcase in place.

894 F.Supp. at 137–138.

vant patent (the "Plath Patent") did not describe the locking mechanism of the handle, a device similar to the Leather Product's locking mechanism.

In response, plaintiff argues that its agent's firm conducted a search at the patent office, the results of which were reviewed by the agent. On each of the remaining points raised by defendant, plaintiff argues that defendant has not met the requirements of 35 U.S.C. § 285 because it fails to show the requisite clear and convincing evidence that these alleged misrepresentations were material in nature and carried out with the intent to deceive the Patent Office.

## II. ANALYSIS

### A. STANDARDS APPLICABLE UNDER 35 U.S.C. § 285.

■ 35 U.S.C. § 285 provides: "The court in exceptional cases [under this Title] may award reasonable attorney fees to the prevailing party." To award attorney's fees, "[t]he district court must determine whether the case is 'exceptional;' if it is, then it is within the court's discretion to award attorney's fees to the prevailing party." *J.P. Stevens Company Inc. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1050 (Fed.Cir.1987) (citations omitted); *Reactive Metals and Alloys Corporation v. ESM, Incorporated*, 769 F.2d 1578, 1582–1583 (Fed.Cir.1985). *See also, Beckman Instruments Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed.Cir.1989) (decision to award attorney's fees lies with discretion of the trial court). Attorney's fees should not be assessed against a losing party, however, " 'for merely defending or prosecuting a lawsuit,' " *Revlon Inc. v. Carson Products Co.*, 803 F.2d 676, 679 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1018 (1986) (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 1406, 18 L.Ed.2d 475 (1967)), and should only be awarded "to avoid a gross injustice." *Revlon Inc. v. Carson Products Co.*, 803 F.2d at 679.

■ A case can be considered "exceptional" under the statute authorizing the award of attorney's fees for "willful infringement, *inequitable conduct before the PTO*, miscon-

duct during litigation, vexatious or unjustified litigation, and frivolous suit." *Beckman Instruments Inc.*, 892 F.2d at 1551 (emphasis added); *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455 (Fed.Cir.1985).

■ The instant motion is based on plaintiff's alleged "inequitable conduct" before the Patent Office Examiner during an application to expedite the patent's approval. Inequitable conduct can form the basis not only for an award of attorney's fees in patent infringement cases but also for a determination that a patent should be voided, and courts apply a similar standard in each situation. *See, e.g., Molins PLC v. Textron Inc.*, 48 F.3d 1172, 1186–1187 (Fed.Cir.1995).

The court in *Molins PLC, supra.*, described inequitable conduct as follows:

Inequitable conduct includes affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive. One who alleges inequitable conduct arising from a failure to disclose prior art *must offer clear and convincing proof of the materiality of the prior art, knowledge chargeable to the applicant of that prior art and of its materiality, and the applicant's failure to disclose the prior art, coupled with an intent to mislead the PTO.*

The withholding of information must meet thresholds of both materiality and intent.

48 F.3d at 1178 (emphasis added) (citations omitted). *See also, Halliburton Co. v. Schlumberger Technology Corp.*, 925 F.2d 1435, 1439 (Fed.Cir.1991).

A matter is considered "material" if "there is a substantial likelihood that a reasonable examiner would have considered the information important in deciding whether to allow the application to issue as a patent." *Molins PLC*, 48 F.3d at 1179. With regard to "intent to deceive", the defendant must show that "an applicant had the specific intent to accomplish an act that the applicant ought not to have performed.... In a case involving nondisclosure of information, clear and convincing evidence must show that the ap-

plicant made a deliberate decision to withhold a known material reference." *Id.* at 1181.

Accordingly, in order to prevail on the instant motion, defendant must show by clear and convincing evidence that plaintiff engaged in misconduct before the PTO that related to material matters and that such misconduct was carried out with the specific intent to deceive the PTO. *Beckman Instruments Inc.*, 892 F.2d at 1551; *Reactive Metals Alloys Corp.*, 769 F.2d at 1583 (Fed.Cir. 1985).

## B. DEFENDANT'S ALLEGATIONS.

Defendant has not shown by "clear and convincing" evidence that the alleged misrepresentations were material and carried out by plaintiff's agents with an intent to deceive the Patent Office.

First, defendant failed to show that the misstatement concerning the purportedly insufficient Patent Office investigation was material: i.e., that a reasonable patent officer would have found it important in relation to the patent's application that the physical investigation at the Patent Office was carried out by someone other than the agent (more specifically, the agent's associate), with the agent reviewing matter related to that investigation.

Second, the two references to the Mao Patent are similarly immaterial; indeed, the court did not rely on this patent when it voided the Liberty Patent in question. *Cf. Halliburton Co.*, 925 F.2d at 1440 (holding there is no burden to disclose all relevant prior patents if the reference is "cumulative or less material than those already before the examiner.")

Lastly, defendant argues that plaintiff's agent failed to represent elements of the locking mechanism of the Plath Patent truthfully. The nature of the frictional locking mechanism of this product was indeed material; but the *shape* of said mechanism, however, was not unequivocally revealed by the Plath Patent. Plaintiff's failure to expressly note the similarity in the *nature* of the two locking mechanisms—when the special *shape* of the Leather Product's mechanism is one of

its purported distinguishing features—was an understandable oversight and defendant has made no showing that this omission was carried out with either an intent to deceive or any degree of negligence. *See, e.g., Newell Companies Inc. v. Kenney Manufacturing Company*, 864 F.2d 757, 769 (Fed.Cir.1988), *cert. denied*, 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 30 (1989) (affirming lower court holding that nondisclosure alone before PTO did not warrant finding of inequitable conduct); *cf. American Can Co. v. Crown Cork & Seal Co.*, 693 F.2d 653, 657 (7th Cir.1982) (holding "[i]nnocent or negligent omissions or misstatements before the patent office do not justify the award, but willfulness or bad faith if established by clear and convincing evidence are adequate even if not equalling fraud.") In the prior decision in this case, this court did not find that the Leather and Plath Patents were identical, but rather that the Leather Patent was an obvious derivative of prior art in the field, which included the Plath Patent.

As the preceding discussion shows, defendant has failed to show by clear and convincing evidence that plaintiff's purported inequitable conduct was both material in nature and carried out with the intent to deceive the patent office.

## III. CONCLUSION

For the reasons set forth above, defendant's motion for attorney's fees must be denied.

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion filed simultaneously herewith, defendant's motion for attorney's fees under 35 U.S.C. § 285 is hereby DENIED.