**Joseph SCIAMBRA, d/b/a Periodical Marketing and Consulting Company, Plaintiff–Appellee,**

v.

**GRAHAM NEWS, et al., Defendants,**

**A.R.A. Services, Inc., Defendant–Appellant.**

No. 89–3085.

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1990.

---

412

James A. Babst, Rebecca A. Stulb, Harry McCall, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendant-appellant.

Charles K. Reasonover, Duris L. Holmes, Deutsch, Kerrigan, Stiles, New Orleans, La., for plaintiff-appellee.

Before RUBIN, REAVLEY and KING, Circuit Judges.

REAVLEY, Circuit Judge:

A.R.A. Services, Inc. ("ARA") appeals the district court's award of attorneys' fees and costs for two phases of this antitrust litigation. We affirm.

## I.

Joseph Sciambra, d/b/a Periodical Marketing and Consulting Company (hereinafter "Sciambra"), distributed books and periodicals in retail outlets in the New Orleans area. Sciambra obtained his supply from ARA, which was both a wholesaler and competing distributor of books and periodicals. In 1984 ARA agreed to sell its business to Metro News Agency, a competing wholesaler/distributor. As a part of this arrangement, ARA agreed to and in fact did terminate Sciambra's source of supply. As a result of its purchase of ARA's business and the termination of Sciambra's access to books and periodicals, Metro News Agency was left as the only wholesaler and distributor of books and periodicals in the New Orleans area.

Sciambra brought suit against Graham News Company, Bayou News Agency, and Metro News Agency (collectively "Graham"), which all shared common ownership, and against ARA alleging various antitrust violations. Sciambra obtained a preliminary injunction against Graham requiring it to supply books and periodicals to Sciambra. Accordingly, Sciambra went back into business, having lacked supplies before the injunction was entered for approximately seventy days. Sciambra subsequently agreed to sell his business to and release all claims against Graham for total compensation of $165,000. Sciambra pursued his claims against ARA.

Prior to trial, the district court determined that ARA had abused the discovery process, making "a fair trial ... impossible." Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the court entered a default judgment against ARA and ordered it to pay Sciambra's attorneys' fees and costs. The court held a hearing on damages and eventually determined that Sciambra should recover the going concern value of his business less the amount of the Graham settlement and then trebled. The court entered judgment against ARA for $271,896 in damages plus $69,414.72 in attorneys' fees and $8,085.95 in costs.

Both parties appealed to this court. In *Sciambra v. Graham News Co.*, 841 F.2d 651, 655 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 143, 102 L.Ed.2d 115 (1988), the court first affirmed the Rule 37 sanctions entered against ARA. It next reviewed the district court's damages award and determined that, because the district court granted an injunction against Graham that would have allowed Sciambra to continue his distribution operation, ARA and Graham had not forced Sciambra out of business and the district court thus erred in awarding damages based on going concern value. *See id.* at 656–57. The court held that damages should have been based on lost profits for the period Sciambra was without a source of supply and should have been trebled prior to subtracting the amount of the Graham settlement. *See id.* at 657–58. The case was remanded to the district court solely on the issue of damages.

At the damages hearing on remand, Sciambra conceded that his lost profits trebled would be less than the amount of the Graham settlement. The district court thus concluded that Sciambra was entitled to recover no damages from ARA. The court also determined, however, that Sciambra was successful in his antitrust claim against ARA and was entitled, under section 4 of the Clayton Act, 15 U.S.C. § 15(a), to recover attorneys' fees. The court therefore entered judgment against ARA affirming the previous award of $69,-414.72 in attorneys' fees and $8,085.95 in costs and awarding an additional $15,652.50 for the attorneys' fees incurred on the appeal and remand.

## II.

■ ARA first challenges the award of $69,414.72 in attorneys' fees and $8,085.95 in costs. ARA suggests that this award was made pursuant to section 4 of the Clayton Act and presents two arguments that it claims justifies our review of the award. ARA first contends that the previous panel did not affirm an award of attorneys' fees and costs in a specific dollar amount. Alternatively, ARA contends that the district court's determination that Sciambra was entitled to $0 in damages

precludes the recovery of attorneys' fees and costs under the Clayton Act. Because the no damages determination was first made on remand, ARA suggests that we may reconsider the previous panel's decision affirming the award, even if it was for a specific dollar amount.

We consider ARA's Clayton Act arguments inapplicable to this part of the judgment. In its Ruling on Motions, the district court stated: "Pursuant to Rule 37(b), Federal Rules of Civil Procedure, this Court imposes by way of sanctions 1—a default judgment against ARA Services, Inc. ("ARA"), and 2—an award of plaintiff's costs and attorneys fees to plaintiff and against ARA." A hearing to determine the amount of costs and attorneys' fees was held before a magistrate. In his Finding and Recommendation, the magistrate stated that the award was being made pursuant to Rule 37. On appeal, the court understood that the award of attorneys' fees and costs was made pursuant to Rule 37 and affirmed. *See Sciambra*, 841 F.2d at 654, 655, 658.

Because this award was not made directly pursuant to the Clayton Act, it remained unaffected by the findings on remand, and we are presented with no basis for reconsidering the prior panel's decision affirming the award.

### III.

ARA also challenges the award of $15,652.50 for the attorneys' fees incurred on the previous appeal and on remand. This award was made pursuant to section 4 of the Clayton Act, which has been construed to allow a successful antitrust litigant to recover attorneys' fees incurred in both obtaining and defending a judgment against an antitrust defendant. *See Perkins v. Standard Oil Co.*, 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534 (1970).

### A.

■ ARA suggests that the district court was precluded from making the award by the previous panel's direction that the parties would bear their own costs on appeal. We have recently noted that the routine allocation of appellate costs pursuant to Rule 39 of the Federal Rules of Appellate Procedure is distinguishable from the recovery of attorneys' fees. *See Chemical Mfrs. Ass'n v. U.S. Envtl. Protection Agency*, 885 F.2d 1276, 1278 (5th Cir.1989). We do not think that in making this allocation the previous panel intended to preclude consideration of a motion for attorneys' fees under the Clayton Act. *See Perkins*, 399 U.S. at 223, 90 S.Ct. at 1990 (noting that the Court's "failure to make explicit mention in the mandate of attorneys' fees simply left the matter open for consideration by the District Court"); *cf. Chemical Mfrs. Ass'n*, 885 F.2d at 1278; *Ekanem v. Health & Hosp. Corp.*, 778 F.2d 1254, 1256–57 (7th Cir.1985); *Farmington Dowel Prods. Co. v. Forster Mfg. Co.*, 421 F.2d 61, 91 (1st Cir.1970).

### B.

Section 4 of the Clayton Act provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor ... and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a). This provision entitles a "successful plaintiff" to recover attorneys' fees from an antitrust defendant. *See Carpa, Inc. v. Ward Foods, Inc.*, 536 F.2d 39, 52 (5th Cir.1976); *see also Tic–X–Press, Inc. v. Omni Promotions Co.*, 815 F.2d 1407, 1423 (11th Cir.1987); *Morning Pioneer, Inc. v. Bismarck Tribune Co.*, 493 F.2d 383, 390 (8th Cir.), *cert. denied*, 419 U.S. 836, 95 S.Ct. 64, 42 L.Ed.2d 63 (1974). ARA contends that because the Graham settlement resulted in Sciambra recovering $0 in compensatory damages, Sciambra was not entitled to recover attorneys' fees. Sciambra responds that an award of attorneys' fees is not conditioned on recovery of compensatory damages. Alternatively Sciambra contends that he did recover treble damages and that the settlement offset had no effect on his right to recover attorneys' fees.

■ No case from this circuit has addressed directly the showing an antitrust plaintiff must make in order to recover attorneys' fees pursuant to section 4. A number of our cases, however, have considered section 4 awards generally. Those cases demonstrate that proof of an antitrust violation in itself is not a sufficient foundation on which to base a section 4 award. Rather, a plaintiff must also present proof of injury, or the "fact of damage." *See Park v. El Paso Bd. of Realtors*, 764 F.2d 1053, 1068–69 (5th Cir. 1985), *cert. denied*, 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986); *Multiflex, Inc. v. Samuel Moore & Co.*, 709 F.2d 980, 987 & n. 7 (5th Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1594, 80 L.Ed.2d 126 (1984); *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 317 (5th Cir.1978); *Terrell v. Household Goods Carriers' Bureau*, 494 F.2d 16, 20 (5th Cir.), *cert. dismissed*, 419 U.S. 987, 95 S.Ct. 246, 42 L.Ed.2d 260 (1974). "The term 'fact of damage' can be likened to the causation element in a negligence cause of action. The term means simply that the antitrust violation caused injury to the antitrust plaintiff." *Blue Bird Body Co.*, 573 F.2d at 317. We have explained the proof required:

> The fact of damage showing does not require the antitrust plaintiff to prove with particularity the full scope of profits that might have been earned in the absence of unlawful activity in restraint of trade. It requires only that a plaintiff show with some particularity an element of actual damage caused by the defendant's violations of the antitrust laws.

*Multiflex, Inc.*, 709 F.2d at 988–89 (citations omitted).

If a plaintiff can demonstrate that the defendant violated the antitrust laws and can establish the fact of damage, the plaintiff has established the defendant's liability for purposes of section 4. *Blue Bird Body Co.*, 573 F.2d at 317; *see Terrell*, 494 F.2d at 20–22. Nothing in section 4 indicates that the availability of one type of relief is dependent on the award of another. Indeed, a plain reading of section 4 suggests that the only issue relevant in determining the recoverability of attorneys' fees is whether the plaintiff has been "injured in his business or property." *Cf. United States Football League v. National Football League*, 887 F.2d 408, 411 (2d Cir.1989) ("It is clear from the plain meaning of section 4 that an injury is all that is required for an award of attorney's fees."). That is precisely the issue that the fact of damages analysis addresses. We conclude that if a plaintiff can prove an antitrust violation and the fact of damage, the plaintiff is entitled to recover attorneys' fees pursuant to section 4.

■ We hasten to add that it is this same showing—an antitrust violation and the fact of damage—that entitles a plaintiff to recover section 4 compensatory damages. Of course, most antitrust plaintiffs attempt to prove the amount of economic injury caused by the defendant's antitrust violation. If there is sufficient proof of this "amount of damages," *see Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 435 (5th Cir.1985); *Blue Bird Body Co.*, 573 F.2d at 317; *Terrell*, 494 F.2d at 20, section 4 entitles the plaintiff to recover threefold this amount. Even if there is insufficient proof of the amount of damages, however, proof of an antitrust violation and the fact of damage is a sufficient basis for an award of nominal damages. *See United States Football League v. National Football League*, 842 F.2d 1335, 1376–79 (2d Cir.1988); *Rosebrough Monument Co. v. Memorial Park Cemetery Ass'n*, 666 F.2d 1130, 1146–48 (8th Cir.1981), *cert. denied*, 457 U.S. 1111, 102 S.Ct. 2915, 73 L.Ed.2d 1321 (1982); *Morning Pioneer, Inc.*, 493 F.2d at 388, 390. In virtually all cases, therefore, an award of section 4 nominal or substantial compensatory damages will accompany an award of section 4 attorneys' fees. Nevertheless, it does not follow from this relationship that an attorneys' fees award is dependent on a compensatory damages award. Our holding merely recognizes that the structure of section 4 and the fact of damage analysis make the actual recovery of compensatory damages irrelevant to the recoverability of attorneys'

fees.[1]

■ As the preceding discussion suggests, the effect of the Graham settlement on Sciambra's recovery of compensatory damages has no effect on Sciambra's right to recover attorneys' fees. The critical issue is whether Sciambra has demonstrated the existence of an antitrust violation and the fact of damage. At minimum, the district court's entry of default judgment established that ARA committed an antitrust violation. At least one court has held that a default judgment in an antitrust case establishes both the existence of an antitrust violation and the fact of damage. *See Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69–70 (2d Cir.1971), *rev'd on other grounds*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). We need not engage in an extended discussion of the parameters of the default judgment in this case, however, for our review of the record convinces us that there was substantial evidence of the fact of damage. The actions of ARA and Graham left Sciambra without a supplier of books and periodicals to provide his customers and, in effect, destroyed his distribution business for a period of approximately seventy days. Sciambra thereby was deprived of the profits he would have received during that time. This is sufficient evidence of injury to business, entitling Sciambra to recover attorneys' fees under section 4.

The result we reach in this case is consistent with the purposes of section 4 attorneys' fees awards. As other courts have noted, awarding attorneys' fees in antitrust cases both encourages "private prosecution of antitrust violations by insulating plaintiffs' treble damage recoveries from the expense of legal fees," *Home Placement Serv. v. Providence Journal Co.*, 819 F.2d 1199, 1210 (1st Cir.1987); *see United States Football League*, 887 F.2d at 412; *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1312 (9th Cir.), *cert. denied*, 459 U.S. 1009, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982), and deters violation of the antitrust laws by requiring a losing defendant to pay the plaintiffs' attorneys' fees "as part of his penalty for having violated the antitrust laws," *Farmington Dowel Prods. Co.*, 421 F.2d at 90; *see Tic–X–Press, Inc.*, 815 F.2d at 1423–24; *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 859–60 (7th Cir.1981) (quoting *Farmington*). ARA committed an antitrust violation that resulted in injury to Sciambra's business. The evidence presented in the district court was sufficient to justify an award of at least nominal damages. ARA was spared such an award only because of the Graham settlement. In a case such as this where, as the previous panel noted, the amount of potential damages was unclear when suit was instituted, *see Sciambra*, 841 F.2d at 656, an antitrust defendant that causes injury should not be spared liability

1. ARA cites several cases in support of the proposition that a plaintiff who has not recovered treble damages may not recover attorneys' fees. In *Byram Concretanks, Inc. v. Warren Concrete Products Co.*, 374 F.2d 649, 651 (3d Cir.1967), the court stated: "In a long line of cases the courts have interpreted ... section [4] of the Clayton Act not to permit plaintiffs to recover attorneys' fees unless treble damages are awarded, regardless of whether injunctive relief is granted." The court made this statement in reversing the district court's award of attorneys' fees to a party that had successfully defended against a plaintiff's antitrust claims. Although the language is generally supportive of ARA's position, the court's statement was neither relevant to the issue before the court nor dispositive of the case. ARA also cites *Koratron Co. v. Lion Uniform, Inc.*, 409 F.Supp. 1019, 1028–30 (N.D. Cal.1976), and *Alden–Rochelle, Inc. v. American Society of Composers, Authors & Publishers*, 80 F.Supp. 888, 899–900 (S.D.N.Y.1948), in which

the courts rejected the plaintiffs' attorneys' fees applications. In both cases, however, the courts concluded among other things that the plaintiffs had produced no proof of injury and thus were entitled to no section 4 remedy. Finally, ARA cites *Decorative Stone Co. v. Building Trades Council*, 23 F.2d 426, 428 (2d Cir.), *cert. denied*, 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005 (1928), and *Allen Bradley Co. v. Local Union No. 3, International Brotherhood of Electrical Workers*, 51 F.Supp. 36, 40 (S.D.N.Y.1943), *rev'd on other grounds*, 145 F.2d 215 (2d Cir.1944), *rev'd*, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945). In these two cases the plaintiffs brought equitable actions seeking injunctive relief. The courts determined that they could not award section 4 attorneys' fees except in common-law actions in which the plaintiffs sought damages. The courts did state that they could award attorneys' fees only if damages were recovered, but these statements were unnecessary for the resolution of the cases.

for attorneys' fees simply because a previous settlement turns out in retrospect to preclude a compensatory damage award. *Cf. Auwood v. Harry Brandt Booking Office*, 850 F.2d 884, 894 (2d Cir.1988) (rejecting an antitrust defendant's argument that a settlement should be offset against an attorneys' fees award as well as a treble damages award because "granting such an offset would penalize the pursuit of valid legal claims by a plaintiff who could establish that the nonsettling defendants were liable to it but could not sufficiently prove a high amount of damages"). The Second Circuit has recently noted that "[w]hat is important is encouraging the detection and cessation of anticompetitive behavior, not the amount of damages found. Because of the importance of the policy of encouraging private parties to bring antitrust actions, recovery of their reasonable attorney's fees must be sustained regardless of the amount of damages awarded." *United States Football League*, 887 F.2d at 412. We find this reasoning sound and accordingly affirm the district court's holding that Sciambra was entitled to recover reasonable attorneys' fees pursuant to section 4.

### C.

■ ARA contends that the amount of attorneys' fees awarded for the previous appeal and remand is excessive. It argues that the degree of success does not justify the fee awards. The argument comes late for the award upheld by the prior panel as we held above in Part II, and the subsequent $15,652.50 award was within the discretion of the district court. *See Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 581 (5th Cir.1980).

AFFIRMED.