Fremont-Smith, J.
On September 30, 1994, this Court entered its “findings, rulings and judgment,” wherein it found that the defendant American Honda Motor Co., Inc. had arbitrarily decided to establish another dealership within plaintiffs relevant market area, in violation of G.L.c. 93B §4(3)(1).[2] The plaintiff now moves for an award of attorney fees and costs pursuant to G.L.c. 93B, §12(A).
As a preliminary matter, American Honda argues that there can be no award of attorney fees and costs because the court’s finding of wrongdoing by the defendant (to the effect that Honda had arbitrarily proposed to grant a franchise to an additional franchisee who intended to conduct its dealership operations at a place of business situated within the relevant market area of the plaintiff) did not constitute a violation of c. 93B because, for there to have been a violation of §4(4) (1), defendant must have acted both “arbitrarily” and “without notice,” whereas, in this case, it is undisputed that notice was provided.
Defendant further contends that there is no violation of sections 3 through 11, as required for an award of attorney fees under c. 12 A, because §4(1) provides that it shall be deemed a violation for any automobile manufacturer or distributor to “engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of said parties or to the public,” whereas there has been no proof of damage in this case.
With respect to defendant’s second contention, the Court concludes that the showing of at least some damage or injury is a prerequisite to proof of a violation of c. 93B and thereby a prerequisite to recovery of damages under §12A. In this respect, §12A, read in conjunction with the other cited sections, is similar to the required showing of “fact of damage” for any recovery of attorney fees under §4 of the Clayton Act.- See Sciambra v. Graham News, 892 F.2d 411, 415-16, (5th Cir. 1990), wherein the court found that a plaintiff, to recover attorney fees, must “show with some particularity an element of actual damage caused by the defendant’s violations of the anti-trust laws,” i.e. a showing of some injury to plaintiffs business or property.
Here, defendant is correct that the Court has made no finding of any injury to plaintiffs property. On the contrary, the Court on request for counsel of all parties, expressly bifurcated the question of any damages for later determination, if necessary, in its September 30 order. Accordingly, at the hearing on plaintiffs motion for an award for attorney fees, plaintiff shall first be given an opportunity to offer one or more witnesses to establish the fact that plaintiff was damaged (i.e., his business injured). There shall be no need to establish a specific dollar amount of such damages, but plaintiff must establish, as a prerequisite to the award of attorney fees, that plaintiffs business was injured in some manner, (e.g., loss of valuable executive time diverted by reason of defendant’s -wrongful conduct).
With respect to plaintiffs first contention (that there can not have been a violation of c. 93B for proposing to arbitrarily enter into a franchise agreement with an additional franchisee unless the Court finds that defendant proposed to do so both “arbitrarily” and “without notice to the plaintiff’ (G.L.c. 93B §4(4) (1)), defendant overlooks the fact that §4 also empowers the Court, where the manufacturer or distributor has given notice, “to determine whether such appointment or proposed appointment is arbitrary” (§4(4) (1)), and provides that, “in determining whether such proposed appointment is arbitrary the Court shall consider all pertinent circumstance.” Id. Here, the Court has found a violation of this provision by reason of Honda’s proposed arbitrary appointment of a competing dealership within plaintiffs relevant market area. In view of the purpose of G.L.c. 93B (to “counter the grossly imbalanced bargaining power between manufacturers and distributors on the one hand, and affiliated dealers, on the other,” see Beard Motors, Inc. v. Toyota Motors Distributors, Inc., 395 Mass. 428 (1985): The Report of the Legislative Counsel Relative to Regulation of Automotive Industry, 1968 Senate Doc. No. 983 at 23; and New Motors Vehicle Board v. Orrin W. Fox Co., 439 U.S. 96, 100, note 4 (1978)), this Court construes G.L.c. 93 §12A to encompass the findings of wrongdoing made by this Court’s September 30, 1990 order and judgment, and rules that the plaintiff is entitled to an award of reasonable attorney fees and costs.
Accordingly, counsel are instructed to contact the Clerk .of the Court, Civil Session “D,” Essex County/Lawrence, (Ted Sullivan, 508 687-7463) to schedule one hour of hearing on plaintiffs motion for award of attorney fees.
Any necessary document production and depositions are to be completed before such hearing.

 The Court’s September 30, 1994 “findings, rulings and judgment” is hereby amended to provide that defendant’s conduct is also found to have been in violation of G.L.c. 93B. §§4(1) and 4(4)(1).